# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (BALTIMORE DIVISION)

| | |
|---|---|
| NEHA SINGH and SANDRA COX, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | CIVIL No. 1:20-cv-01082-CCB |
| LENOVO (UNITED STATES) INC., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................... 2

    A. Plaintiff Neha Singh ............................................................................ 2

    B. Plaintiff Sandra Cox ............................................................................ 3

    C. Lenovo's Express Limited Warranty ................................................... 3

III. LEGAL STANDARD ..................................................................................... 4

IV. ARGUMENT ................................................................................................... 5

    A. Plaintiffs Lack Standing to Assert Any Claims Related to The
       Yoga 700, 720, and 730 Models Because Plaintiffs Do Not Allege
       That They Purchased These Models. ..................................................... 5

    B. Plaintiffs Fail to State a Claim for Breach of Warranty. ..................... 6

         1. Plaintiffs Fail to State a Claim for Breach of Express
            Warranty. ................................................................................... 7

            a. Plaintiffs Did Not Comply with the Terms of
               Lenovo's Express Limited Warranty Under Maryland
               or Missouri Law. ............................................................... 7

            b. Plaintiffs Have Not Pleaded Facts Showing Lenovo's
               Limited Warranty is Unconscionable Under
               Maryland or Missouri Law. ............................................... 9

         2. Plaintiffs Fail to State a Claim for Breach of Implied
            Warranty. ................................................................................. 12

            a. Plaintiff Fails to State a Claim for Breach of the
               Implied Warranty of Merchantability. .............................. 12

            b. Plaintiff Fails to State a Claim for Breach of the
                Implied Warranty of Fitness for a Particular Purpose. ........ 13

            c. Lenovo's Express Limited Warranty Properly
               Disclaimed Any Implied Warranties Under Missouri
               law. ................................................................................. 15

C.      Plaintiffs' Complaint Fails to Satisfy Rule 9(b)'s Heightened
        Pleading Standard for Counts IV, V, and VII. ...........................................16

D.      Plaintiffs' Statutory Consumer Protection Claims Fail. .............................19

        1.      The Purported Statements At Issue Are Nonactionable
                Puffery. ...........................................................................................19

        2.      Plaintiff Has Not Sustained a Cognizable Injury to Sustain a
                MCPA Claim. ...................................................................................22

E.      Plaintiffs' Unjust Enrichment Claim Fails Because the Parties Do
        Not Dispute the Existence of an Available Legal Remedy. .......................24

F.      Plaintiffs Fail to State a Claim for Fraudulent Omission or
        Concealment. .............................................................................................25

        1.      Plaintiff Singh Has Failed to State a Claim for Fraudulent
                Concealment Under Maryland Law. ................................................25

        2.      Plaintiff Cox Has failed to State a Claim for Fraudulent
                Concealment Under Missouri Law. .................................................28

V.      CONCLUSION ....................................................................................................30

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadian v. Lee*,
   117 F. Supp. 2d 481 (D. Md. 2000) ................................................................ 4

*Acorn Structures, Inc. v. Swantz*,
   846 F.2d 923 (4th Cir. 1988) ............................................................... 24, 25

*Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*,
   367 F.3d 212 (4th Cir. 2004) ................................................................... 4

*Am. Italian Pasta Co. v. New World Pasta Co.*,
   371 F.3d 387 (8th Cir. 2004) .................................................................. 20

*Anne Arundel Cty. v. Xerox State & Local Sols., Inc.*,
   No. JFM-16-00563, 2016 U.S. Dist. LEXIS 136385 (D. Md. Sept. 30,
   2016) ............................................................................................ 18

*Appliance Recycling Ctrs. of Am., Inc. v. JACO Envt'l, Inc.*,
   378 F. App'x 652 (9th Cir. 2010) ............................................................ 21

*Arthur v. Medtronic, Inc.*,
   No. 4:14-CV-52, 2014 U.S. Dist. LEXIS 110229 (E.D. Mo. Aug. 11,
   2014) ........................................................................................ 17, 18

*Artis v. T-Mobile USA, Inc.*,
   No. PJM 18-2575, 2019 U.S. Dist. LEXIS 54203 (D. Md. Mar. 29,
   2019) ........................................................................................... 24

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................... 4, 5

*Baney Corp. v. Agilsys NV, LLC*,
   773 F. Supp. 2d 593 (D. Md. 2011) ................................................... 20, 21, 27

*Baryo v. Philip Morris USA, Inc.*,
   435 F. Supp. 2d 961 (W.D. Mo. 2006) ....................................................... 19

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................... 5

*Berenblat v. Apple, Inc.*,
    No. 09-1649-JF, 2010 U.S. Dist. LEXIS 46052 (N.D. Cal. Apr. 7, 2010) ................. 10

*Bezmenova v. Ocwen Fin. Corp.*,
    No. 8:13-cv-00003-AW, 2013 U.S. Dist. LEXIS 102514 (D. Md. July
    23, 2013) ........................................................................................................... 17, 23

*Bond v. Nibco, Inc.*,
    623 A.2d 731 (Md. Ct. App. 1993) ..................................................................... 14, 15

*Bracey v. Lancaster Foods, LLC*,
    No. RDB-17-1826, 2018 U.S. Dist. LEXIS 54084 (D. Md. Mar. 30,
    2018) ............................................................................................................................ 9

*Bradshaw v. Hilco Receivables, LLC*,
    765 F. Supp. 2d 719 (D. Md. 2011) ........................................................................... 24

*Brown v. Buschman Co.*,
    No. 99-108, 2002 U.S. Dist. LEXIS 4087 (D. Del. Mar. 12, 2002) ..................... 21, 22

*Carlson v. Gen. Motors Corp.*,
    883 F.2d 287 (4th Cir. 1989) ..................................................................................... 10

*Chambers v. King Buick GMC, LLC*,
    43 F. Supp. 3d 575 (D. Md. 2014) ..................................................................... 5, 6, 23

*Cheslow v. Ghiradelli Chocolate Co.*,
    No. 19-cv-07467-PJH, 2020 U.S. Dist. LEXIS 62044 (N.D. Cal. Apr. 8,
    2020) .......................................................................................................................... 22

*Daniyan v. Viridian Energy LLC*,
    No. GLR-14-2715, 2015 U.S. Dist. LEXIS 85356 (D. Md. June 30,
    2015) .......................................................................................................................... 20

*Davidson v. Apple, Inc.*,
    No. 16-CV-4942-LHK, 2017 U.S. Dist. LEXIS 116436 (N.D. Cal. July
    25, 2017) .................................................................................................................... 11

*Dean v. Beckley*,
    No. CCB-10-297, 2010 U.S. Dist. LEXIS 105007 (D. Md. Oct. 1, 2010) ............. 7, 20

*Demetry v. Lasko Prods.*,
    284 F. App'x 14 (4th Cir. 2008) ................................................................................ 23

*DePeralta v. Dlorah, Inc.*,
No. 11-1102-CV-SJ-ODS, 2012 U.S. Dist. LEXIS 132308 (W.D. Mo. Sept. 17, 2012) ...................................................................................... 28

*Doe v. Miles, Inc.*,
No. ED75100, 2000 Mo. App. LEXIS 770 (Mo. Ct. App. May 23, 2000) ........... 14, 15

*Doll v. Ford Motor Co.*,
814 F. Supp. 2d 526 (D. Md. 2011) ...................................................... 12, 13

*Ford Motor Co. v. Gen. Accident Ins. Co.*,
779 A.2d 362 (Md. 2001) ............................................................. 12, 14, 15

*Gammel v. Hewlett-Packard Co.*,
905 F. Supp. 2d 1052 (C.D. Cal. Aug. 29, 2012) ................................... 21, 22

*In re Gen. Motors Corp. Anti-Lock Brake Products Liab. Litig.*,
174 F.R.D. 444 (E.D. Mo. 1997) ............................................................ 29

*Giant Food, Inc. v. Wash. Coco-Cola Bottling Co.*,
273 Md. 592 (Md. 1975) ...................................................................... 12

*Gricco v. Carver Boat Corp.*,
No. JFM-04-1854, 2005 U.S. Dist. LEXIS 33108 (D. Md. Dec. 15, 2005) ......................................................................................... 14

*H&M Co. v. Tech. Heat Transfer Servs.*,
No. TDC-14-1518, 2015 U.S. Dist. LEXIS 40744 (D. Md. Mar. 30, 2015) ......................................................................................... 14

*Hall v. LHACO, Inc.*,
140 F.3d 1190 (8th Cir. 1998) ................................................................ 6

*In re Hardieplank Fiber Cement Siding Litig.*,
284 F. Supp. 3d 918 (D. Minn. 2018) ...................................................... 21

*Hart v. La.-Pac. Corp.*,
641 F. App'x 222 (4th Cir. 2016) ........................................................ 9, 11

*Hauk v. LVNV Funding, LLC*,
749 F. Supp. 2d 358 (D. Md. 2010) ........................................................ 24

*Hess v. Chase Manhattan Bank, USA, N.A.*,
220 S.W.3d 758 (Mo. 2007) .................................................................. 28

v

*Hill v. Brush Engineered Materials, Inc.*,
  383 F. Supp. 2d 814 (D. Md. 2005) ........................................................................... 17

*Hope v. Nissan N. Am., Inc.*,
  353 S.W.3d 68 (Mo. Ct. All. 2011) ..................................................................... 12, 13

*J.C. v. KLS Martin, L.P.*,
  No. 10-1204-CV-W-ODS, 2012 U.S. Dist. LEXIS 24619 (W.D. Mo.
  Feb. 27, 2012) .................................................................................................................. 14

*Jones v. Koons Auto, Inc.*,
  752 F. Supp. 2d 670 (D. Md. Nov. 5, 2010) ............................................................ 23

*Karr-Bick Kitchens & Baths v. Gemini Coatings*,
  932 S.W.2d 877 (Mo. Ct. App. 1996) ................................................................. 15, 16

*Kelly v. Cape Cod Potato Chip Co.*,
  81 F. Supp. 3d 754 (W.D. Mo. 2015) ..................................................................... 5, 6

*Khaliki v. Helzberg Diamond Shops, Inc.*,
  No. 4:11-CV-00010-NKL, 2011 U.S. Dist. LEXIS 37534 (W.D. Mo.
  Apr. 6, 2011) .............................................................................................................. 17, 19

*Lieberson v. Johnson & Johnson Consumer Co., Inc.*,
  865 F. Supp. 2d 529 (D. N.J. 2011) ............................................................................. 5

*Lloyd v. GMC*,
  916 A.2d 257 (Md. Ct. App. 2007) ................................................................. 23, 24, 26

*Loggerhead Tools, LLC v. Sears Holding Corp.*,
  No. 12-cv-9033, 2016 U.S. Dist. LEXIS 127623 (N.D. Ill. Sept. 20,
  2016) ................................................................................................................................... 21

*Luy v. Balt. Police Dep't*,
  326 F. Supp. 2d 682 (D. Md. 2004) .............................................................................. 3

*Midwest Printing v. AM Int'l*,
  108 F.3d 168 (8th Cir. 1997) ....................................................................................... 16

*In re Milk Prod. Antitrust Litig.*,
  195 F.3d 430 (8th Cir. 1999) ......................................................................................... 6

*Minter v. Wells Fargo Bank, N.A.*,
  279 F.R.D. 320 (D. Md. 2012) ..................................................................................... 26

*Moczulski v. Ferring Pharms., Inc.*,
   No. JKB-18-1094, 2018 U.S. Dist. LEXIS 121341 (D. Md. July 19,
   2018) ............................................................................................. 7, 24, 25

*Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*,
   262 F. Supp. 2d 618 (D. Md. 2003) .................................................... 26, 27

*Owen v. CBRE, Inc.*,
   No. PWG-16-773, 2016 U.S. Dist. LEXIS 166378 (D. Md. Dec. 2,
   2016) ....................................................................................................... 9

*Owen v. Gen. Motors Corp.*,
   No. 06-4067-CV-C-NKL, 2006 U.S. Dist. LEXIS 70466 (W.D. Mo.
   Sept. 28, 2006) ...................................................................................... 7, 29

*Owen v. GMC*,
   533 F.3d 913 (8th Cir. 2008) ...................................................................... 28

*Palmer v. CVS Health & Nice-Pak Prods.*,
   No. CCB-17-938, 2019 U.S. Dist. LEXIS 209472 (D. Md. Dec. 4, 2019) ................ 24

*Pearlstone v. Costco Wholesaler Corp.*,
   2019 U.S. Dist. LEXIS 27469 (E.D. Mo. Feb. 21, 2019) ........................................... 25

*Pollard v. Remington Arms. Co., LLC*,
   No. 13-0086-CV-W-ODS, 2013 U.S. Dist. LEXIS 84587 (W.D. Mo.
   June 17, 2013) ............................................................................................ 28

*Ponzio v. Mercedes-Benz USA, LLC*,
   No. 18-12544, 2020 U.S. Dist. LEXIS 43287 (D. N.J. Mar. 11, 2020) ...................... 11

*Powell v. Countrywide Bank*,
   No. PX 16-1201, 2016 U.S. Dist. LEXIS 138838 (D. Md. Oct. 4, 2016) ............ 26, 27

*Pulte Home Corp. v. Parex, Inc.*,
   923 A.2d 971 (Md. Ct. Spec. App. 2007) ..................................................... 7

*Rawa v. Monsanto Co.*,
   No. 4:17CV01252 AFG, 2017 U.S. Dist. LEXIS 124044 (E.D. Mo.
   Aug. 7, 2017) .......................................................................................... 5, 6

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*,
   322 S.W.3d 112 (Mo. 2010) .......................................................................... 8

*Shaw v. Brown & Williamson Tobacco Corp.*,
   973 F. Supp. 539 (D. Md. 1997) ........................................................... 26

*In re Sinclair Broadcast Group, Inc. Sec. Litig.*,
   No. CCB-18-2445, Dkt. 075, p. 20-21 ...................................................... 5

*In re Strasys Secs. Litig.*,
   No. 15-CV-0455, 2016 U.S. Dist. LEXIS 85496 (D. Minn. June 30,
   2016) .............................................................................. 21, 22

*US Bank Nat'l Ass'n v. Cox*,
   341 S.W.3d 846 (Mo. Ct. App. 2011)....................................................... 24, 25

*Varon v. Uber Techs., Inc.*,
   No. 1:15-cv-03650, 2016 U.S. Dist. LEXIS 58421 (D. Md. May 3,
   2016) .................................................................................... 9

*Viggiano v. Hansen Nat. Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) ....................................................... 22

*Vitt v. Apple Computer*,
   No. CV-06-7152, 2010 WL 11545683 (C.D. Cal. May 21, 2010) ............................... 21

*Walters v. McMahen*,
   684 F.3d 435 (4th Cir. 2012) ................................................................ 5

*Wash. Cty. Bd. of Educ. V. Mallinckrodt ARD, Inc.*,
   431 F. Supp. 3d 698 (D. Md. Jan. 3, 2020)................................................... 19

*Weske v. Samsung Elecs., Am. Inc.*,
   934 F. Supp. 2d 698 (D. N.J. 2013) .......................................................... 11

*Williams v. United Techs. Corp.*,
   No. 2:15-cv-04144-NKL, 2015 U.S. Dist. LEXIS 159814 (W.D. Mo.
   Nov. 30, 2015) ......................................................................... 10, 11

*Wincopia Farms, LP v. G&G, LLC*,
   499 F. App'x 233 (4th Cir. 2012) ........................................................... 26

*Wright v. Bath & Body Works Direct, Inc.*,
   No. 12-00099-CV-W-DW, 2012 U.S. Dist. LEXIS 190828 (W.D. Mo.
   Oct. 17, 2012)............................................................................ 20

*Young v. City of Mount Rainier*,
   238 F.3d 567 (4th Cir. 2001) ................................................................ 4

*Zip Designs, LLC v. Glowzone Las Vegas, LLC*,
   No. CCB-17-1327, 2019 U.S. Dist. LEXIS 52166 (D. Md. Mar. 27,
   2019) ................................................................................................ 12, 13

**Statutes**

15 U.S.C. §§ 2301, *et seq.* ............................................................................ 6

Magnuson-Moss Warranty Act ...................................................................... 6

Md. Code Comm. Law § 2-315 ..................................................................... 14

Md. Comm. Code § 2-213 ............................................................................... 7

Md. Comm. Code § 2-316.1(1) ..................................................................... 15

Md. Comm. Code §13-303 ...................................................................... 22, 23

Mo. Rev. Stat. § 400.2-313 ............................................................................. 7

Mo. Rev. Stat. § 400.2-314 ........................................................................... 12

Mo. Rev. Stat. § 400.2-315 ........................................................................... 14

Mo. Rev. Stat. § 400.2-316(2) ................................................................. 15, 16

**Other Authorities**

Fed. R. Civ. P. 9(b) ...................................................................................... 17

Fed. R. Civ. P. 12(b)(6) .................................................................................. 4

Defendant Lenovo (United States), Inc. ("Lenovo"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion to Dismiss the Complaint filed by Plaintiffs Neha Singh ("Singh") and Sandra Cox ("Cox") (collectively, "Plaintiffs").   In support thereof, Lenovo states:

## I.      <u>INTRODUCTION</u>

Plaintiffs allege a variety of claims based on an alleged defect in the Lenovo Yoga 710 laptops they purchased (and the Lenovo Yoga 700, 720, and 730 laptops that they did not purchase).  All of Plaintiffs' claims fail as a matter of law and, thus, should be dismissed.

As an initial matter, Plaintiffs lack standing to pursue claims related to Yoga 700, 720, and 730 laptops because they have not pleaded that they purchased these models.  Plaintiffs only allege that they purchased the Lenovo Yoga 710, which is an entirely different model than the Yoga 700, 720, and 730 models.  *See* Compl. ¶¶ 14, 24.  Because Plaintiffs never purchased a Yoga 700, 720, or 730, the Court should dismiss all claims based on these models for lack of standing with prejudice.  The remaining claims related to the Yoga 710 laptops Plaintiffs did purchase should also be dismissed with prejudice.

Plaintiffs' claims under Maryland and Missouri consumer-protection statutes and for fraudulent omission/concealment fail for several reasons.  First, Plaintiffs' Complaint does not meet Rule 9(b)'s heightened pleading standard because Plaintiffs fail to plead with particularity what statements by Lenovo they saw related to their Yoga 710s, when they saw those statements, or if they saw them at all.  Second, the statements Plaintiff do identify—even if they had pled that they saw them prior to purchasing their Yoga 710s (which they have not)—are nonactionable puffery because they are vague, subjective, and immeasurable.  Third, Plaintiffs' hypothetical future repair or replacement costs are not legally cognizable injuries sufficient to state a claim.

1

Plaintiffs' breach-of-warranty claims fare no better.  Plaintiffs do not allege that their Yoga 710s suffered any purported defect within the warranty period, and both Plaintiffs allege that that they did not contact Lenovo to seek warranty coverage until years after the expiration of the express written warranty.  Further, Plaintiff Cox ignores the plain and conspicuous language in the express warranty that disclaims any limited warranties in accordance with Missouri law, which precludes her claim as a matter of law.

For these reasons, as detailed below, the Court should dismiss Plaintiffs' Complaint with prejudice.

## II.      FACTUAL BACKGROUND

While Lenovo disputes the factual allegations in the Complaint, it recites them here in accordance with the standard pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A.      Plaintiff Neha Singh

In early 2017, Plaintiff Singh purchased a Yoga 710 laptop through Amazon.com.  Compl. ¶ 14.  Singh does not identify what she reviewed before purchasing her computer, including what, if any, representations by Lenovo she saw, considered, or relied on in purchasing the computer. Singh alleges that in May or June 2019, two-and-a-half years after her purchase, the "screen started to flicker and shut off, and a squeaking/cracking noise emanated from [her] device."  *Id.* ¶ 18. Singh alleges that "[e]ventually," at some unknown time, her "webcam also ceased functioning." *Id.*  Singh does not allege that she contacted Lenovo when these purported issues arose.

Instead, Singh alleges that in March 2020, over three years after her purchase, the "hinge began to break down, causing a noticeable gap between the hinge and the speaker, and the screen on her [laptop] began to separate from the rest of the Device."  *Id.* ¶ 21.  At that point, Singh alleges that, for the first time, in "late March 2020, [she] contacted Lenovo twice to seek warranty coverage . . . but Lenovo never responded."  *Id.*

**B.      Plaintiff Sandra Cox**

In February 2017, Plaintiff Cox purchased a Yoga 710 laptop from Best Buy.  *Id.* ¶ 24.
Like Singh, Cox does not identify what she reviewed before purchasing her computer, including
what, if any, representations by Lenovo she saw, considered, or relied on in purchasing the
computer.  Cox alleges that in "late February 2020," three years after her purchase, she "noticed
that the hinge on the lower left side of the [laptop] had begun to break down and pull apart."  *Id.*
¶ 28.  She further alleges that "[s]ince that discovery," the "screen began to crack upward and
outward from the broken hinge, and a piece of metal from inside of the screen is now visible[.]"
*Id.* ¶ 29.

Cox alleges that "[i]n late February/early March 2020," she "contacted Lenovo via
telephone but the calls kept disconnecting."  *Id.* ¶ 31.  She alleges, without providing any details
on the date this occurred or how the communication was made, that "[u]ltimately, Lenovo
communicated to [her] that her warranty had expired, but it would service [her laptop] at her
expense."  *Id.* ¶ 32.

**C.      Lenovo's Express Limited Warranty**

Plaintiffs' Yoga 710 laptops were covered by an express one-year limited warranty.  *Id.*
¶¶ 83, 108.  The Complaint refers specifically to the limited warranty, quotes language from it,
and even provides a link to a copy of the limited warranty on Lenovo's website.  *Id.* ¶¶ 83, n.38,
108,    n.41    (citing    to    https://download.lenovo.com/pccbbs/thinkcentre_pdf/l505-0010-
02_en_update.pdf).[1]

---

[1] A copy of the limited warranty—pulled from the link provided in the Complaint—is attached to
the Declaration of Lenovo's counsel, David Hamilton ("Hamilton Decl.") as Exhibit A.  Because
the limited warranty is expressly incorporated by reference, quoted, and even linked directly to in
the Complaint, the Court can properly consider the limited warranty when deciding this motion to
dismiss.  *See, e.g.*, *Luy v. Balt. Police Dep't*, 326 F. Supp. 2d 682, 688 (D. Md. 2004) ("The court
may consider a document submitted by the defendant in support of a motion to dismiss, however,

The limited warranty provides:

- "Lenovo warrants that each Lenovo hardware product that you purchase is free from defects in materials and workmanship under normal use during the warranty period." Hamilton Decl., Ex. A at 1, quoted in Compl. ¶ 83.
- "If the product does not function as warranted during the warranty period, you may obtain warranty service by contacting Lenovo or a Lenovo approved service provider."  Hamilton Decl., Ex. A at 1.
- "If the Service Provider determines that it is unable to either repair or replace your product, your sole remedy under this Limited Warranty is to return the product to your place of purchase or to Lenovo for a refund of your purchase price."  *Id.*
- "**THIS WARRANTY IS YOUR EXCLUSIVE WARRANTY AND REPLACES ALL OTHER WARRANTIES OR CONDITIONS, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OR CONDITIONS OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**"  *Id.* (emphasis in original).[2]

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion requires a court to review the complaint to determine whether it states a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Because a court is testing the legal sufficiency of plaintiff's claims, a court is not bound by plaintiff's legal conclusions.  *See, e.g.*, *Young v. City of Mount Rainier*, 238 F.3d 567, 577 (4th Cir. 2001) (The "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" when the facts do not support the legal conclusions.).

In order to survive a Rule 12(b)(6) motion, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

---

'[if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'") (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)); *see also Abadian v. Lee*, 117 F. Supp. 2d 481, 485 (D. Md. 2000) ("The court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action.").

[2] This language is commonplace in the industry for two-in-one laptops.  *See, e.g.*, https://www.samsung.com/us/support/service/warranty/XE500C13-K02US (limited one-year warranty for Samsung Chromebook); https://support.microsoft.com/en-us/help/4493662 (limited one-year warranty for Microsoft Surface)

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The mere recitals of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft*, 556 U.S. at 678).

## IV. ARGUMENT

### A. Plaintiffs Lack Standing to Assert Any Claims Related to The Yoga 700, 720, and 730 Models Because Plaintiffs Do Not Allege That They Purchased These Models.

Plaintiffs' claims relating to the Yoga 700, 720, and 730 laptops fail as a matter of law because they lack standing to pursue such claims.

It is well-settled that a plaintiff lacks standing to assert claims based on an alleged defect in a product that he or she did not purchase. *See, e.g.*, *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 610 (D. Md. 2014) (relying on *Lieberson v. Johnson & Johnson Consumer Co., Inc.*, 865 F. Supp. 2d 529, 537 (D. N.J. 2011) (holding that the plaintiff lacked standing to pursue putative class action claims of consumer fraud against a baby bath product manufacturer as to any products the named plaintiff did not allege she used or purchased)); *Rawa v. Monsanto Co.*, No. 4:17CV01252 AFG, 2017 U.S. Dist. LEXIS 124044, at *16 (E.D. Mo. Aug. 7, 2017) ("[P]laintiff may not bring a claim . . . for products he did not purchase."); *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 756, 763 (W.D. Mo. 2015) (dismissing claims as to potato chip flavors not purchased by plaintiff for lack of standing); *see also In re Sinclair Broadcast Group, Inc. Sec. Litig.*, No. CCB-18-2445, Dkt. 075, p. 20-21 (holding plaintiff lacked standing when he did not purchase stock during the class period). This is true with respect to individual and class claims. Simply put, a plaintiff cannot bring claims on behalf of a class in which he or she is not a member.

*See Hall v. LHACO, Inc.*, 140 F.3d 1190, 1196 (8th Cir. 1998) (holding a named plaintiff "is not a proper representation of the class where he himself lacks standing to pursue the claim"); *see also In re Milk Prod. Antitrust Litig.*, 195 F.3d 430, 436 (8th Cir. 1999) ("Because [plaintiff]'s individual claim was properly dismissed for lack of standing, it was not a member of the class and could not represent the class."); *Chambers*, 43 F. Supp. 3d at 610 ("The fact that members of the putative class may assert claims . . . does not confer standing on Plaintiff[.]").

Yet, this is precisely what Plaintiffs attempt to do here.  The Complaint asserts claims related to alleged defects in four different Lenovo laptop models: the Yoga 700, 710, 720, and 730. *See,* Compl. ¶ 1, n.1 (defining "Class Devices" as "the Lenovo Yoga 700, 710, 720, and 730 models").  Plaintiffs allege that they both "purchased [a] Lenovo Yoga 710" model only—they do not allege that they purchased a Yoga 700, 720, or 730 model.  Thus, Plaintiffs lack standing to bring claims based on alleged defects in products that they never purchased.  *Id.* ¶¶ 14, 24; *see generally id.*  The fact that unnamed, putative class members may have purchased Yoga 700, 720, or 730 models is irrelevant.  Plaintiffs must plead that they themselves have standing to assert their own individual claims before any class claims are relevant.  *Chambers*, 43 F. Supp. 3d at 610; *Rawa*, 2017 U.S. Dist. LEXIS 124044, at *16; *Kelly*, 81 F. Supp. 3d at 756.  To hold otherwise would encourage the Court to render an advisory opinion on a dispute that is not actually before it.  Accordingly, the Court should dismiss all claims with prejudice related to the Yoga 700, 720, and 730 models.

      **B.**      **Plaintiffs Fail to State a Claim for Breach of Warranty.**

Plaintiffs assert three breach of warranty claims: (1) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.* (Count I); (2) breach of express warranty under state law (Count II); and (3) breach of implied warranty under state law (Count III).  *See* Compl. ¶¶ 103–137.  These three claims, however, collapse into two claims for breach of express

warranty and breach of implied warranty *under state law* because the MMWA simply "supplements State law with regard to its limited and implied warranty provisions" but "requires a plaintiff to first establish a breach of limited or implied warranty under [] state law." *Dean v. Beckley*, No. CCB-10-297, 2010 U.S. Dist. LEXIS 105007, at *22 (D. Md. Oct. 1, 2010) (quotations and citations omitted); *see also Owen v. Gen. Motors Corp.*, No. 06-4067-CV-C-NKL, 2006 U.S. Dist. LEXIS 70466, at *18 (W.D. Mo. Sept. 28, 2006) (recognizing that the MMWA is merely "a vehicle for enforcing warranties created by state law.").

1.      <u>Plaintiffs Fail to State a Claim for Breach of Express Warranty.</u>

      a.      *Plaintiffs Did Not Comply with the Terms of Lenovo's Express Limited Warranty Under Maryland or Missouri Law.*

Plaintiffs' express warranty claims fail to adequately allege that the alleged defects in their Yoga 710s arose during the express limited warranty period or that Plaintiffs presented their laptops to Lenovo within that period. Express warranties are created under Maryland and Missouri law by:

> (a) [a]ny affirmation of fact or promise made by the seller to the buyer which related to the goods and becomes part of the basis of the bargain . . . that the goods shall confirm to the affirmation or promise[, or;] (b) [a]ny description of the goods which is made part of the basis of the bargain . . . that the goods shall conform to the description[.]

Md. Comm. Code § 2-213; Mo. Rev. Stat. § 400.2-313.

To state a claim for breach of express warranty under Maryland law, Plaintiffs must allege: "(1) a warranty existed; (2) the product did not conform to the warranty; and (3) the breach proximately caused the injury or damage." *Moczulski v. Ferring Pharms., Inc.*, No. JKB-18-1094, 2018 U.S. Dist. LEXIS 121341, at *15 (D. Md. July 19, 2018) (quoting *Pulte Home Corp. v. Parex, Inc.*, 923 A.2d 971, 996 (Md. Ct. Spec. App. 2007)). Under Missouri law, Plaintiffs must allege:

> (1) the defendant sold goods to the plaintiff; (2) the [defendant] made a statement of fact about the kind or quality of those goods; (3) the statement of fact was a

material factor inducing the buyer to purchase those goods; (4) the goods did not conform to that statement of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the [defendant] of the nonconformity in a timely fashion.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122 (Mo. 2010).

Plaintiffs' claim for breach of express warranty under both Maryland and Missouri law should be dismissed.  Plaintiffs allege that "Lenovo expressly warrants that it will remedy defects in materials and/or workmanship in Class Devices that manifest within one year of purchase." Compl.   ¶ 108;   *see   also   id.*   ¶¶ 83,   n.38,   108,   n.41   (citing   to https://download.lenovo.com/pccbbs/thinkcentre_pdf/l505-0010-02_en_update.pdf).  As an initial matter, Plaintiffs do not allege that their Yoga 710s suffered any defect within one year of purchase.  Instead, Plaintiff Singh alleges the purported defects arose in "May/June 2019," which is almost ***two-and-a-half years after purchase***, and Plaintiff Cox alleges the purported defects arose in "late February 2020," which is ***three years after purchase***.  *See* Compl. ¶¶ 14, 18, 24, 28.

Further, while Plaintiffs allege that Lenovo breached the limited warranty by refusing to "remedy the Defect when Class Devices are presented for repair within an applicable warranty period" and by refusing to "repair the Defect in Class Devices when presented for repair just outside the warranty period[,]" these allegations are immaterial because Plaintiffs did not contact Lenovo "within [the] applicable warranty period" or "just outside the warranty period."  Compl. ¶¶ 121–122.  Instead, Plaintiff Singh did not contact Lenovo "to seek warranty coverage" until "late March 2020," which was three years after her purchase.  *Id.* ¶ 14, 21.  Plaintiff Cox does not even allege that she contacted Lenovo to seek warranty coverage.  Rather, she simply pleads that she "contacted Lenovo via telephone," in "late February/early March 2020," which was three years after her purchase.    Compl. ¶ 24, 31.

Because Plaintiffs do not allege that the defects arose during the one-year warranty period or that they contacted Lenovo within that period, Plaintiffs' claim for breach of express warranty (Count II) should be dismissed with prejudice.

> b.   *Plaintiffs Have Not Pleaded Facts Showing Lenovo's Limited Warranty is Unconscionable Under Maryland or Missouri Law.*

Plaintiffs have not pleaded facts showing Lenovo's limited warranty is unconscionable so as to render their express warranty claims viable under either Maryland or Missouri law.

Under Maryland law, a contract is unconscionable only if it is both *procedurally* and *substantively* unconscionable. *Bracey v. Lancaster Foods, LLC*, No. RDB-17-1826, 2018 U.S. Dist. LEXIS 54084, at *9–10 (D. Md. Mar. 30, 2018); *Varon v. Uber Techs., Inc.*, No. 1:15-cv-03650, 2016 U.S. Dist. LEXIS 58421, at *9 (D. Md. May 3, 2016). Procedural unconscionability "relates to procedural deficiencies in the contract formation process, such as deception or a refusal to bargain over contract terms, today often analyzed in terms of whether the imposed-upon party had a meaningful choice about whether and how to enter the transaction." *Owen v. CBRE, Inc.*, No. PWG-16-773, 2016 U.S. Dist. LEXIS 166378, at *15–16 (D. Md. Dec. 2, 2016). In contrast, "[s]ubstantively unconscionable terms are unreasonably favorable to the more powerful party, impair the integrity of the bargaining process or otherwise contravene the public interest or public policy, attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law, or are otherwise unreasonably and unexpectedly harsh." *Id.* at *18 (internal citations and quotations omitted). "[T]erms of a warranty are [not] necessarily substantively unconscionable solely because one party conceals certain information during the bargaining process." *Hart v. La.-Pac. Corp.*, 641 F. App'x 222, 228–29 (4th Cir. 2016).

Unlike Maryland law, "Missouri courts have eliminated all distinctions related to substantive and procedural unconscionability[,]" and instead adopted a more general framework

9

whereby "[u]nconscionability can be procedural, substantive, or a combination of both." *Williams v. United Techs. Corp.*, No. 2:15-cv-04144-NKL, 2015 U.S. Dist. LEXIS 159814, at *8 (W.D. Mo. Nov. 30, 2015) (citation omitted).  Importantly, under Missouri law, a manufacturer's knowledge of a defect renders a contract substantively unconscionable only when the buyer has "no notice of [or] ability to detect the problem[.]"  *Id.*, at *9 (internal quotations and citations omitted).

Plaintiffs' Complaint fails to allege facts showing procedural unconscionability.  Plaintiffs' allegation that they "had no other options for negotiating the terms" of the limited warranty renders the warranty procedurally unconscionable is unavailing because there is no allegation that Plaintiffs had no "meaningful choice"—there are no allegations demonstrating that Plaintiffs were compelled to purchase the Yoga 710s or that they could not have chosen to extend Lenovo's one-year limited warranty.  Compl. ¶ 113; *see, e.g.*, *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 294 (4th Cir. 1989) (concluding a lack of "meaningful alternative" because plaintiff pled the "lack of effective [] competition among" car manufacturers); *Berenblat v. Apple, Inc.*, No. 09-1649-JF, 2010 U.S. Dist. LEXIS 46052, at *14–15 (N.D. Cal. Apr. 7, 2010) (holding no procedural unconscionability when consumers could choose to buy laptops from other sellers or buy additional warranty protection).  In fact, both Plaintiffs allege just the opposite—they had multiple different laptops to choose from and actually "researched different laptops" before *choosing* to purchase the Yoga 710.  Compl. ¶¶ 15, 25.  As such, Plaintiffs have failed to allege facts sufficient to show procedural unconscionability.[3]

---

[3] Because Maryland law requires *both* procedural and substantive unconscionability, this failure dooms Plaintiff Singh's unconscionability claim.

Plaintiffs have similarly failed to allege facts sufficient to show Lenovo's limited warranty is substantively unconscionable.  Plaintiffs' allegation that "Lenovo's knowledge and notice of the Defect prior to sale render its warranty limitations substantively unconscionable" alone is insufficient because "terms of a warranty are [not] necessarily substantively unconscionable solely because one party conceals certain information[.]"  *Hart*, 641 F. App'x at 228–29.  Indeed, the mere allegation of knowledge of a defect, without an allegation of something more, such as purposefully changing the warranty to avoid covering the defect, is insufficient to find substantive unconscionability.  *See, e.g.*, *Davidson v. Apple, Inc.*, No. 16-CV-4942-LHK, 2017 U.S. Dist. LEXIS 116436, at *76–77 (N.D. Cal. July 25, 2017) (holding allegation that defendant knew of defect in phone did not render one-year warranty substantively unconscionable); *Ponzio v. Mercedes-Benz USA, LLC*, No. 18-12544, 2020 U.S. Dist. LEXIS 43287, at *122 (D. N.J. Mar. 11, 2020) ("[M]erely alleging that a defendant knew of a defect, and knew that defect would arise after the time limitations of a warranty, but concealed that information, <u>without more</u>, fails to establish unconscionability.") (emphasis in original); *Weske v. Samsung Elecs., Am. Inc.*, 934 F. Supp. 2d 698, 705–06 (D. N.J. 2013) (rejecting unconscionability argument under Minnesota law because "failing to disclose a known defect does not, by itself, make a warranty unconscionable."). As such, Plaintiffs have failed to allege facts sufficient to sustain a claim of substantive unconscionability.

Finally, Plaintiff Cox's unconscionability claim fails under Missouri law for the additional reason that Plaintiff had "the ability to detect the problem."  *Williams*, 2015 U.S. Dist. LEXIS, at *9.  Plaintiffs cite consumer complaints regarding the purported defect dating back to 2013, ***four years before*** Plaintiffs "researched different laptops" before ultimately purchasing the Yoga 710.

11

Thus, Plaintiffs admittedly had notice of or the ability to detect the purported defect.  Compl. ¶ 61, n.9.

Because Plaintiffs have not alleged facts showing Lenovo's limited warranty is unconscionable so as to render their express warranty claims viable under either Maryland or Missouri law, Count II should be dismissed.

2.     Plaintiffs Fail to State a Claim for Breach of Implied Warranty.

a.     *Plaintiff Fails to State a Claim for Breach of the Implied Warranty of Merchantability.*

Under both Maryland and Missouri law, to state a claim for breach of the implied warranty of merchantability, Plaintiffs must allege that: (1) the warranty existed, (2) the warranty was breached because the defect existed *at the time of sale*, and (3) the breach was a proximate cause of the injuries claimed.  *Zip Designs, LLC v. Glowzone Las Vegas, LLC*, No. CCB-17-1327, 2019 U.S. Dist. LEXIS 52166, at *13–14 (D. Md. Mar. 27, 2019); *Ford Motor Co. v. Gen. Accident Ins. Co.*, 779 A.2d 362, 369 (Md. 2001); *see also Giant Food, Inc. v. Wash. Coco-Cola Bottling Co.*, 273 Md. 592, 609 (Md. 1975) ("[T]here must be some evidence beyond mere speculation which would enable the jury to rationally decide it is more probable than not that the defect existed at the time of sale[.]"); *Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 90 (Mo. Ct. All. 2011) ("[I]n Missouri, a plaintiff must show: (1) that a merchant sold goods, (2) which are not 'merchantable'[4] at the time of sale, (3) injury and damages to the plaintiff or his property, (4) which were caused proximately or in fact by the defective nature of the goods, and (5) notice to the seller of the injury.").  To sustain a claim of breach of the implied warranty of merchantability under Maryland and Missouri law, Plaintiffs must have notified their immediate seller of the breach.  *See Doll v.*

---

[4] Under Missouri law, goods are "merchantable" when they are "fit for the ordinary purpose for which such goods are used."  Mo. Rev. Stat. § 400.2-314.

*Ford Motor Co.*, 814 F. Supp. 2d 526, 542 (D. Md. 2011) ("[I]f a plaintiff wishes to claim a breach of implied warranty [of merchantability] against a manufacturer, the plaintiff must notify their immediate seller of the breach."); *Hope*, 353 S.W.3d at 90 (requiring "notice to the seller of the injury" to sustain a claim of implied warranty of merchantability).

Plaintiffs' claim for breach of the implied warranty of merchantability fails because there are no allegations that any purported defect in Plaintiffs' Yoga 710s existed *at the time of sale*. *See Zip Designs, LLC*, 2019 U.S. Dist. LEXIS 52166, at *13–14; *Hope*, 353 S.W.3d at 90. Plaintiff Singh alleges no purported defects until "May/June 2019," which is almost two-and-a-half years after she purchased her laptop. *See* Compl. ¶¶ 14, 18. Similarly, Plaintiff Cox alleges no purported defects until "late February 2020," which is three years after she purchased her laptop. *See id.* ¶¶ 24, 28. Accordingly, Plaintiffs' claim for breach of the implied warranty of merchantability fails as a matter of law.

This claim also fails because there are no allegations that either Plaintiff notified their *immediate sellers* of the purported breach. While Plaintiffs make vague allegations regarding contacting Lenovo, the manufacturer, there are no allegations that Plaintiffs notified Amazon or Best Buy, their immediate sellers, of the breach. *See Doll*, 814 F. Supp. 2d at 542; *Hope*, 353 S.W.3d at 90; Compl. ¶¶ 14, 21, 24, 31–32.

Accordingly, because there are no allegations that the purported defects existed in early 2017, when both Plaintiffs purchased their laptops, or that Plaintiffs notified their immediate sellers of any breach, Plaintiffs' claim for breach of implied warranty of merchantability should be dismissed.

> b.   *Plaintiff Fails to State a Claim for Breach of the Implied Warranty of Fitness for a Particular Purpose.*

13

Under both Maryland and Missouri law, to state a claim for breach of the implied warranty of fitness for a particular purpose against a manufacturer, a plaintiff must allege that: (1) the manufacturer had reason to know the plaintiff's particular purpose for which goods are required, (2) the manufacturer had reason to know that the plaintiff was relying on the manufacturer's skill or judgment to furnish appropriate goods, and (3) the plaintiff, in fact, relied on the manufacturer's skill and judgment. *H&M Co. v. Tech. Heat Transfer Servs.*, No. TDC-14-1518, 2015 U.S. Dist. LEXIS 40744, at *7 (D. Md. Mar. 30, 2015) (citing Md. Code Comm. Law § 2-315); *Bond v. Nibco, Inc.*, 623 A.2d 731, 736 (Md. Ct. App. 1993) (dismissing claim based on lack of evidence that manufacturer knew of a particular purpose); *J.C. v. KLS Martin, L.P.*, No. 10-1204-CV-W-ODS, 2012 U.S. Dist. LEXIS 24619, at *9 (W.D. Mo. Feb. 27, 2012) (citing Mo. Rev. Stat. § 400.2-315). The plaintiff's "particular purpose" must be "special" or "peculiar" to the plaintiff, as distinguished from the ordinary use to which the product would be put by an ordinary buyer. *Ford Motor Co.*, 779 A.2d at 375; *Doe v. Miles, Inc.*, No. ED75100, 2000 Mo. App. LEXIS 770, at *24–25 (Mo. Ct. App. May 23, 2000). "[I]t is in rare circumstances [] that a manufacturer would even know of a retail customer's 'particular purpose' for the goods being purchased." *Gricco v. Carver Boat Corp.*, No. JFM-04-1854, 2005 U.S. Dist. LEXIS 33108, at *4–6 (D. Md. Dec. 15, 2005); *see also Ford*, 779 A.2d at 343-44 ("It is often impossible for a seller to learn of a particular purpose of a buyer, and for a buyer to rely upon a seller to select the right product, without some direct dealing between such buyer and seller.")

Plaintiffs' claim for breach of the implied warranty of fitness fails because there are no allegations that Plaintiffs purchased their laptops for a purpose that in any way differed from the ordinary purpose for which these laptops might be used, let alone that Lenovo knew of such a peculiar purpose. Indeed, while both Plaintiffs allege that the features of the Yoga 710

14

"persuaded" them to purchase the laptops, the Complaint is devoid of allegations that either of the Plaintiffs had a "peculiar" or "special" need for the laptops.  Compl. ¶¶ 15, 25; *see Ford Motor Co.*, 779 A.2d at 375; *Miles*, 2000 Mo. App. LEXIS 770, at *24–25.  Even if Plaintiffs alleged they purchased their Yoga 710s for a particular purpose (which they did not), there are also no allegations that Lenovo, who manufactured but did not sell the laptops to Plaintiffs, knew of such a purpose.  *See e.g.*, *Bond*, 623 A.2d at 736.

Because Plaintiffs do not allege that they purchased the Yoga 710s for a particular purpose or that Lenovo knew of that purpose, the Court should dismiss Plaintiffs' claim for breach of the implied warranty of fitness for a particular purpose.

        c.   *Lenovo's Express Limited Warranty Properly Disclaimed Any Implied Warranties Under Missouri law.*

Under Missouri law, a manufacturer can properly disclaim an implied warranty of merchantability or fitness.[5]  "[A]n implied warranty of merchantability may be excluded by a conspicuous writing which mentions the term 'merchantability'; and an implied warranty of fitness may be excluded by a conspicuous writing.  Language is 'conspicuous if it is in larger or other contrasting type or color.'"  *Karr-Bick Kitchens & Baths v. Gemini Coatings*, 932 S.W.2d 877, 879–80 (Mo. Ct. App. 1996) (holding disclaimer effective when it was "printed in capitals [and] also in bold print"); *see also* Mo. Rev. Stat. § 400.2-316(2).  Lenovo's express limited warranty, which Plaintiffs quote and incorporate by reference in their Complaint, states the following:

> **THIS WARRANTY IS YOUR EXCLUSIVE WARRANTY AND REPLACES ALL OTHER WARRANTIES OR CONDITIONS, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OR CONDITIONS OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

---

[5] Maryland law prohibits a manufacturer from disclaiming an implied warranty of merchantability or fitness for consumer goods.  *See* Md. Comm. Code § 2-316.1(1).

Hamilton Decl., Ex. A at 1 (emphasis in original).

Any implied warranty of merchantability or fitness was property disclaimed in Lenovo's express warranty, pursuant to Missouri law.  The disclaimer in Lenovo's express warranty explicitly mentions merchantability.  *See id.* at 1 (mentioning and disclaiming warranties for "**CONDITIONS OF MERCHANTABILITY**") (emphasis in original).  The disclaimer language is also conspicuous as it is on the first page of the warranty as well as being in all capital letters and bold print.  *Id.*; *Karr-Bicks*, 932 S.W.2d at 879–80 (holding disclaimer effective when it was "printed in capitals [and] also in bold print").

Indeed, the Eighth Circuit held that a disclaimer using essentially identical language and formatting as that used by Lenovo "complies with the requirements of Mo. Rev. Stat. § 400.2-316(2) (that is, it was in writing, conspicuous, and mentions merchantability) and thus effectively disclaimed all implied warranties."  *Midwest Printing v. AM Int'l*, 108 F.3d 168, 171 (8th Cir. 1997) (assessing language stating "ALL OTHER WARRANTIES OF ANY KIND WHATSOEVER, EXPRESS IMPLIED OR STATUTORY . . . ALL IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE . . . ARE HEREBY DISCLAIMED") (emphasis in original).  Thus, Plaintiff Cox cannot claim the existence or breach of an implied warranty of merchantability or fitness, and her claim for breach of implied warranty (Count III, on behalf of the Missouri Class) should be dismissed.

Accordingly, Plaintiffs' claims for breach of implied warranty (Count III) should be dismissed.

### C.    Plaintiffs' Complaint Fails to Satisfy Rule 9(b)'s Heightened Pleading Standard for Counts IV, V, and VII.

Plaintiffs' statutory consumer protection claims (Counts IV and V) and fraudulent omission/concealment claim (Count VII) fail because they have not satisfied Rule 9(b)'s

heightened pleading standard.  *See Bezmenova v. Ocwen Fin. Corp.*, No. 8:13-cv-00003-AW, 2013 U.S. Dist. LEXIS 102514, at *17 (D. Md. July 23, 2013) ("Plaintiffs must plead fraud claims under the [Maryland Consumer Protection Act] with particularity."); *Khaliki v. Helzberg Diamond Shops, Inc.*, No. 4:11-CV-00010-NKL, 2011 U.S. Dist. LEXIS 37534, at *6 (W.D. Mo. Apr. 6, 2011) ("[T]he Court reconfirms that Rule 9(b) states the applicable standard of pleading for claims made under the" Missouri Merchandise Practices Act.); *Hill v. Brush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 823 (D. Md. 2005) (fraudulent omission or concealment claim under Maryland law must comply with Rule 9(b)); *Arthur v. Medtronic, Inc.*, No. 4:14-CV-52, 2014 U.S. Dist. LEXIS 110229, at *21 (E.D. Mo. Aug. 11, 2014) (fraudulent omission or concealment claim under Missouri law must comply with Rule 9(b)).  Rule 9(b) requires that, when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud of mistake." Fed. R. Civ. P. 9(b).

To plead a claim of misrepresentation under the Maryland Consumer Protection Act ("MCPA"), a plaintiff must plead the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Bezmenova*, 2013 U.S. Dist. LEXIS at *15–16.  Similarly, to plead a claim under the Missouri Merchandise Practices Act ("MMPA"), "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result."  *Khaliki*, 2011 U.S. Dist. LEXIS, at *7–8.  As with statutory consumer protection claims, fraudulent concealment claims under either Maryland or Missouri law satisfy Rule 9(b) only when the plaintiff identifies the who, what, where, when, and how of the alleged fraud.  *See Hill*, 383 F. Supp. 2d at 823 (noting that plaintiffs must specify: "(1) the partial and fragmentary

statements of facts that created a duty for [defendant] to speak; (2) who made the statements; (3) when the statements were made; and (4) how [plaintiffs] came to rely on them."); *Arthur*, 2014 U.S. Dist. LEXIS at *21 (stating that plaintiffs must "(1) detail the statements (or omissions) that plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."). "Though the pleading standard is more lenient in the concealment context, the plaintiff must still plead with a baseline level of particularity." *Anne Arundel Cty. v. Xerox State & Local Sols., Inc.*, No. JFM-16-00563, 2016 U.S. Dist. LEXIS 136385, at *32 (D. Md. Sept. 30, 2016).

While Plaintiffs try to hide it with vague and generalized allegations, they fail to plead Counts IV, V, or VII with the requisite particularity required by Rule 9(b).  Indeed, Plaintiffs do not plead *what* statements they purportedly saw or *when* they saw those purported statements—if they even saw such statements at all prior to purchasing their Yoga 710 laptops.  The Complaint generally cites to statements on Lenovo's website and in marketing materials (Compl. ¶¶ 38–41, 46), but, critically and conspicuously, *Plaintiffs never allege whether they actually viewed those purported statements or, if they did view them, when and how they relied upon those purported statements.  See generally* Compl.

In fact, the Complaint does not allege that Plaintiffs actually viewed *any* statements or representations contained in the Complaint.  Instead, Plaintiffs loosely allege that at some unknown point "[p]rior to purchasing" their laptops, they "researched different laptops and viewed multiple advertisements from Lenovo[,]" without identifying a *single* such advertisement that they viewed. Compl. ¶¶ 15, 25.  Further, of the four statements on Lenovo's webpage and in marketing materials cited in the Complaint, one relates to the Yoga 730 (which neither of the Plaintiffs purchased), and the other three are associated with a link to a popup that provides "Sorry, this product is no longer

18

available[.]" *See* Compl. ¶ 41, n.5–7 (citing https://www.lenovo.com/us/en/laptops/yoga/700-series/Lenovo-YOGA-710-15IKB/p/88YG7000772).  In addition to not alleging *when* Plaintiffs purportedly saw these statements, Plaintiffs do not allege that this link was even active in early 2017 when Plaintiffs purchased their Yoga 710s.

Plaintiffs' failure to plead with particularity when, if ever, they saw the statements on Lenovo's website cited in the Complaint is fatal to Counts IV, V, and VI because, without any allegation that they actually saw the statements prior to purchasing their laptops, there could be no reliance on those statements and thus no casual nexus between the statements and Plaintiffs' alleged damages.  *See, e.g.*, *Wash. Cty. Bd. of Educ. V. Mallinckrodt ARD, Inc.*, 431 F. Supp. 3d 698, 713 (D. Md. Jan. 3, 2020) (dismissing MCPA claim because "Plaintiff provides only the conclusory assertion that it relied on Defendants' [statements] without alleging that Plaintiff heard or saw any of the specific misstatements"); *Khaliki*, 2011 U.S. Dist. LEXIS 37534, at *11–12 ("[A]llegations that defendants 'made numerous representations to the general public, including [the plaintiff]' . . . are the sort of conclusory allegations that are insufficient to satisfy Rule 9(b).") (quoting *Baryo v. Philip Morris USA, Inc.*, 435 F. Supp. 2d 961, 968 (W.D. Mo. 2006)) (alterations and omissions in original).

Because Plaintiffs have failed to satisfy Rule 9(b), the Court should dismiss Counts IV, V, and VII.

### D. Plaintiffs' Statutory Consumer Protection Claims Fail.

Even if Plaintiffs had satisfied Rule 9(b) for their statutory consumer protection claims (which they have not, *see* Section IV.C.), Counts IV and V fail as a matter of Maryland and Missouri law.

1. The Purported Statements At Issue Are Nonactionable Puffery.

19

The statements Plaintiffs point to—even if they were pled with particularity as to when Plaintiffs saw them prior to purchasing their Yoga 710s—are nonactionable puffery because they are vague, subjective, and immeasurable.  Mere puffery cannot serve as the basis for either an MCPA or MMPA claim.  *See, e.g.*, *Daniyan v. Viridian Energy LLC*, No. GLR-14-2715, 2015 U.S. Dist. LEXIS 85356, at *4 (D. Md. June 30, 2015) (granting motion to dismiss on MCPA claim when defendant's "generalized statements . . . amount to nothing more than vague generalities and puffery"); *Wright v. Bath & Body Works Direct, Inc.*, No. 12-00099-CV-W-DW, 2012 U.S. Dist. LEXIS 190828, at *6 (W.D. Mo. Oct. 17, 2012) (holding puffery is not actionable under the MMPA).  "[T]o constitute a false representation, a statement must be a misrepresentation of material fact.  It cannot be an 'estimate' or 'opinion' or 'puffing.'"  *Dean*, 2010 U.S. Dist. LEXIS at *12 (internal citations and quotations omitted).  Statements of puffery are those that are "extravagant in scope and measure and elusive in meaning."  *Baney Corp. v. Agilsys NV, LLC*, 773 F. Supp. 2d 593, 608–09 (D. Md. 2011) (holding statement that a system is "easy to use" and "perfect" was puffery, which could not give rise to fraud liability); *see also Am. Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 390–91 (8th Cir. 2004) (defining puffery as "exaggerated statements of bluster or boast upon which no reasonable consumer would rely" or "vague or highly subjective claims of product superiority").

The statements identified in the Complaint are nonactionable puffery.  The alleged statements identified by Plaintiffs fall into a few categories: that the Yoga 710 has a (1) "***highly durable***[,]" "unique[,]" or "special" hinge that (2) allows a user to "transition seamlessly between a laptop, tent, stand or tablet" for a (3) "premium experience[.]"  Compl. ¶¶ 38,[6] 41 (emphasis in

---

[6] The alleged statement regarding a "premium experience for business, creativity, and everyday use" relates to the Yoga 730—a product neither Plaintiff purchased.

Complaint).  These statements are exactly the type of statements courts conclude are puffery.  For

instance, in *Vitt v. Apple Computer*, the court held that statements that laptops were "durable"

constituted puffery because they were "inherently vague."  No. CV-06-7152, 2010 WL 11545683,

at *3–4 (C.D. Cal. May 21, 2010); *see also In re Hardieplank Fiber Cement Siding Litig.*, 284 F.

Supp. 3d 918, 959 (D. Minn. 2018) (holding a statement that siding was "durable" was puffery

because the truth or falsity of that statement could not be precisely determined).   Similarly,

numerous courts have held the term "unique" is a general statement that constitutes mere puffery.

*See, e.g.*, *Loggerhead Tools, LLC v. Sears Holding Corp.*, No. 12-cv-9033, 2016 U.S. Dist. LEXIS

127623, at *8–9 (N.D. Ill. Sept. 20, 2016) (statement that a product has a "unique design" is

puffery); *Appliance Recycling Ctrs. of Am., Inc. v. JACO Envt'l, Inc.*, 378 F. App'x 652, 654 (9th

Cir. 2010) (holding competitor's statement that its method for recycling appliances was "unique"

with "unprecedented" results was nonactionable puffery).  Here, the purported statements that the

Yoga 710's hinge is "durable," "unique," or "special" is puffery because it is subjective and non-

quantifiable.  *See Loggerhead*, 2016 U.S. Dist. LEXIS at *8–9; *Appliance Recycling*, 378 F. App'x

at 654; *id.*; Compl. ¶ 41.

Similarly, statements that include the term "seamless" are consistently determined to be

puffery.  *See, e.g.*, *Brown v. Buschman Co.*, No. 99-108, 2002 U.S. Dist. LEXIS 4087, at *27 (D.

Del. Mar. 12, 2002) ("Statements such as 'best,' 'finest,' 'seamless,' and the like are clearly

puffery."); *In re Strasys Secs. Litig.*, No. 15-CV-0455, 2016 U.S. Dist. LEXIS 85496, at *21 (D.

Minn. June 30, 2016) ("Statements claiming that the 5G printers offer . . . 'seamless production

workflow'" are puffery because they are "not verifiable."); *Gammel v. Hewlett-Packard Co.*, 905

F. Supp. 2d 1052, 1071 (C.D. Cal. Aug. 29, 2012) (holding statement regarding a "seamless,

secure, context-aware experience" was puffery); *see also Baney*, 773 F. Supp. 2d at 609 (holding

statement that a program is "easy to use" is puffery because it "does not stake out a claim regarding any concrete facts about the program."). Here, the purported statement regarding the Yoga 710's ability to "transition seamlessly" from laptop to tablet mode is puffery because it is not verifiable and is an opinion that is entirely dependent on the consumer's interpretation of seamless. *See Brown*, 2002 U.S. Dist. LEXIS 4087, at *27; *In re Strasys.*, 2016 U.S. Dist. LEXIS 85496, at *21; *Gammel*, 905 F. Supp. 2d at 1071; Compl. ¶ 41.

Finally, the term "premium" has been held to be puffery because "[t]here is no obvious way to measure 'premium.'" *Cheslow v. Ghiradelli Chocolate Co.*, No. 19-cv-07467-PJH, 2020 U.S. Dist. LEXIS 62044, at *15 (N.D. Cal. Apr. 8, 2020); *see also Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 894 (C.D. Cal. 2013) (holding the "term 'premium' [] is mere puffery; it has no concrete, discernable meaning in the diet soda context"). Here, the purported statement that the Yoga 710 offers a "premium experience" is puffery because there is no way to measure that experience. *See Cheslow*, 2020 U.S. Dist. LEXIS 62044, at *15; *Viggiano*, 944 F. Supp. 2d at 894; Compl. ¶ 41.

Plaintiffs cannot rely on mere puffery to sustain their consumer protection claims, and thus, Counts IV and V should be dismissed.

### 2.   Plaintiff Has Not Sustained a Cognizable Injury to Sustain a MCPA Claim.

Even if Plaintiff Singh had pled her MCPA claim with particularity or identified statements that did not constitute puffery (which she has not done), this claim also fails because she has not sufficiently alleged a cognizable injury.

The MCPA prohibits the use of "any unfair, abusive, or deceptive trade practice" in "[t]he sale, lease, rental, loan, or bailment of any consumer goods, consumer reality, or consumer services." Md. Comm. Code §13-303. It proscribes 14 categories of unfair or deceptive practices, including "any . . . [f]alse . . . or misleading oral or written statement, visual description, or other

representation of any kind which as the capacity, tendency, or effect of deceiving or misleading consumers[.]"  *Id.*  To sustain a claim under the MCPA, a plaintiff must allege (1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury. *Lloyd v. GMC*, 916 A.2d 257, 277 (Md. Ct. App. 2007).  "A consumer relies on a misrepresentation when the misrepresentation substantially induces the consumer's choice."  *Bezmenova*, 2013 U.S. Dist. LEXIS 102514, at *15–16.  "[A] consumer relies on a material omission under the MCPA where it is substantially likely that the consumer would not have made the choice in question had the commercial entity disclosed the omitted information."  *Id.*  "[I]n order to articulate a cognizable injury under the [MCPA], the injury must be objectively identifiable.  In other words, the consumer must have suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the [] misrepresentation."  *Lloyd*, 916 A.2d at 277.

The only damages alleged by Plaintiff Singh are that "she would not have purchased a Class Device and would have avoided the extensive costs she *will* incur to repair or replace it, or would have paid substantially less for it."  Compl. ¶ 22.  The allegations that Plaintiff Singh *would not* have purchased the Yoga 710 or *would have* paid less for her Yoga 710 are not a cognizable injuries under the MCPA.  *Chambers*, 43 F. Supp. 3d at 621–22 (concluding plaintiff did not adequately plead injury for an MCPA claim when plaintiff merely alleged "she paid significantly more for the vehicle than it was worth and was thus overcharged"); *see also Jones v. Koons Auto, Inc.*, 752 F. Supp. 2d 670, 684 (D. Md. Nov. 5, 2010) (concluding allegation that plaintiff "would not have purchased the car or would have demanded significant price concessions" are not cognizable injuries, particularly when plaintiff did "not allege that she incurred additional repair costs"); *Demetry v. Lasko Prods.*, 284 F. App'x 14, at 15–16 (4th Cir. 2008) (upholding district court's dismissal of MCPA claim for insufficient allegation of damages when plaintiff simply

alleged "he would not have purchased [the product] if he had been aware of the defect").  Further, because the MCPA requires that the consumer to have "*suffered* an identifiable loss, measured by the amount the consumer *spent* or *lost* as a result of his or her reliance on the sellers' misrepresentation[,]" Plaintiff's *hypothetical future* repair costs are not a cognizable injury.  *Lloyd*, 916 A.2d at 277 (emphasis added); Compl. ¶ 22.

Because Plaintiff Singh has not alleged a cognizable injury under the MCPA, Count IV should be dismissed.[7]

### E.   Plaintiffs' Unjust Enrichment Claim Fails Because the Parties Do Not Dispute the Existence of an Available Legal Remedy.

As to their sixth count, Plaintiffs assert a claim for unjust enrichment, which purports to be asserted "[o]n behalf of the Nationwide Class or, alternatively the State Classes."  Compl. ¶¶ 166– 171.  This claim, like their other claims, fails as a matter of law.

Plaintiffs' unjust enrichment claim cannot stand in light of the undisputed existence of a contractual warranty governing the relationship between Lenovo and Plaintiffs.  Unjust enrichment damages are an equitable remedy that is only available "when an enforceable contract does *not* exist."  *Moczulski*, 2018 U.S. Dist. LEXIS 121341, at \*21–22 (emphasis added); *see also Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988) ("An action for unjust enrichment is quasi-contractual in nature and may not be brought in the face of an express contract."); *US Bank*

---

[7] While Plaintiff Singh seeks injunctive relief for this claim, injunctive relief is not an available remedy for a violation of the MCPA.  Compl. ¶ 154; *Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 368–69 (D. Md. 2010) (holding injunctive relief is not available under the MCPA); *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 733 (D. Md. 2011) (same); *Artis v. T-Mobile USA, Inc.*, No. PJM 18-2575, 2019 U.S. Dist. LEXIS 54203, at \*14 (D. Md. Mar. 29, 2019) ("[D]eclaratory and injunctive relief are remedies unavailable to plaintiffs under [] the MCPA . . . ."). Even if injunctive relief were an appropriate remedy, Plaintiff Singh has not allege that she "want[s] to or plan[s] on purchasing [a Lenovo product] in the future."  *Palmer v. CVS Health & Nice-Pak Prods.*, No. CCB-17-938, 2019 U.S. Dist. LEXIS 209472, at \*7–8 (D. Md. Dec. 4, 2019).

*Nat'l Ass'n v. Cox*, 341 S.W.3d 846, 853 (Mo. Ct. App. 2011) ("[T]here can be no unjust enrichment if the parties receive what they intended to obtain.  This is because an action for unjust enrichment is based on a theory of quasi contract or contract implied in law.").  Thus, where, as here, there is undisputedly a contract governing the parties' rights—i.e., the limited warranty—an unjust enrichment claim is improper.[8]  *See Moczulski*, 2018 U.S. Dist. LEXIS 121341, at *21–22; *Acorn Structures*, 846 F.2d at 926; *Cox*, 341 S.W.3d at 853.

Accordingly, the undisputed existence of the limited warranty precludes Plaintiffs' unjust enrichment claim (Count VI), and it should be dismissed.

**F.    Plaintiffs Fail to State a Claim for Fraudulent Omission or Concealment.**

Even if Plaintiffs had satisfied Rule 9(b) for their fraudulent concealment or omission claim (which they have not, *see* Section IV.C.), their claims still fail as a matter of Maryland and Missouri law.

1.    <u>Plaintiff Singh Has Failed to State a Claim for Fraudulent Concealment Under Maryland Law.</u>

Under Maryland law:

To establish fraudulent concealment, a party must demonstrate that: (1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment.

---

[8] To the extent Plaintiffs argue that they may assert alternative claims for breach of an express contract and equitable relief, this argument should be rejected.  Plaintiffs specifically incorporate the allegations of their breach of express warranty claim (Compl., ¶ 166), and Plaintiffs do not specifically plead unjust enrichment in the alternative.  *See, e.g.*, *Pearlstone v. Costco Wholesaler Corp.*, 2019 U.S. Dist. LEXIS 27469, at *8–11 (E.D. Mo. Feb. 21, 2019) (allowing alternative pleadings for breach of contract and unjust enrichment when "the complaint explicitly states that Plaintiff's unjust enrichment claim is pled 'in the alternative to' his breach of contract count, and his unjust enrichment count does not incorporate the allegations under the other count").

*Lloyd*, 397 Md. at 138 (quotations and citations omitted).   "To succeed in tolling the statute of limitations on equitable grounds, a plaintiff must allege with specificity fraudulent concealment on the part of the defendants and the inability of plaintiff, despite due diligence, to discover the fraud."  *Powell v. Countrywide Bank*, No. PX 16-1201, 2016 U.S. Dist. LEXIS 138838, at *26–27 (D. Md. Oct. 4, 2016); *see also Minter v. Wells Fargo Bank, N.A.*, 279 F.R.D. 320, 324 (D. Md. 2012) (plaintiff must "establish that it was not aware of, and should not have been aware of, any facts that should have provoked such inquiry" in order to toll the statute of limitations).

To establish the first element, Plaintiff Singh must allege "*either* that Defendant had a duty to disclose a material fact to them and failed to do so, *or*, that Defendant concealed a material fact for the purpose of defrauding Plaintiff."  *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 629 (D. Md. 2003) (emphasis in original).   "Maryland does not recognize a general duty upon a party to a transaction to disclose facts to the other party."  *Wincopia Farms, LP v. G&G, LLC*, 499 F. App'x 233, 236 (4th Cir. 2012); *see also Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 551 (D. Md. 1997) ("[M]ere non-disclosure of facts known to defendant without intent to deceive is not fraud and is not actionable under Maryland law unless there exists a separate duty of disclosure to plaintiff by defendant.").   Therefore, "a duty to disclose arises where the defendant makes an active misstatement of fact, or only a partial or fragmentary statement of fact, which misleads the plaintiff to its injury."  *Odyssey*, 262 F. Supp. 2d at 629.

As an initial matter, Plaintiff Singh's allegation that "Lenovo was and remains under a continuing duty to disclose to Plaintiffs . . . the true character, quality, and nature of the Class Devices" is incorrect as a matter of law because "Maryland does not recognize a general duty upon a party to a transaction to disclose facts to the other party."  *Wincopia Farms*, 449 F. App'x at 236; Compl. ¶ 37; *see also id.* ¶ 181.  To the extent Plaintiff Singh is relying on a "partial or fragmentary

statement of fact" to create a duty of disclosure upon Lenovo, that claim similarly fails because, as detailed *supra*, without any allegation that Plaintiff Singh actually saw the statements prior to purchasing her laptop, those statements could not have "mislead[] the plaintiff to its injury." *Odyssey*, 262 F. Supp. 2d at 629.

Plaintiff Singh's fraudulent concealment claim also fails for the same reasons as her MCPA claim. Specifically, the only statements identified in the Complaint constitute puffery and cannot serve as a basis for a fraudulent concealment or omission claim under Maryland law. *See, e.g.*, *Baney*, 773 F. Supp. 2d at 608–09 (recognizing that a fraud claim cannot "arise out of opinions or mere puffery—statements that are extravagant in scope and measure and elusive in meaning."); *see also supra* Section IV.D.1. Further, Plaintiff Singh's hypothetical future repair costs are not actionable damages resulting from Lenovo's alleged concealment. *See, supra* Section IV.D.2.

Finally, Plaintiff Singh cannot toll the statute of limitations for at least two reasons. First, as described *supra*, Plaintiff Singh did not plead her fraudulent concealment claim with particularity. *See supra* Section IV.C.; *Powell*, 2016 U.S. Dist. LEXIS 138838, at *26–27. Second, despite Plaintiff Singh's conclusory allegations that she "could not have discovered the Defect prior to it manifesting" and "Lenovo was in exclusive possession of information concerning the Defect's existence," Plaintiff Singh alleges she "researched" the Yoga 710 prior to purchase and that consumer complaints regarding the purported defect were publicly available as of 2013, four years before she bought her laptop. *See Powell*, 2016 U.S. Dist. LEXIS 138838, at *26–27 (plaintiff must allege an "inability" to discover the fraud to toll the statute of limitations); Compl. ¶¶ 15, 61, n.9, 179.

Accordingly, Plaintiff Singh's fraudulent concealment or omission claim under Maryland law (Count VII) should be dismissed.

2.      Plaintiff Cox Has failed to State a Claim for Fraudulent Concealment Under
        Missouri Law.

Plaintiff Cox's claim similarly fails under Missouri law.  In either a fraudulent concealment

or nondisclosure case, "[a] party's silence amounts to a representation where the law imposes a

duty to speak.  A duty to speak arises where one party has superior knowledge or information that

is not *reasonably available* to the other."  *Pollard v. Remington Arms. Co., LLC*, No. 13-0086-

CV-W-ODS, 2013 U.S. Dist. LEXIS 84587, at *12–13 (W.D. Mo. June 17, 2013) (quoting *Hess*

*v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765 (Mo. 2007)).  Therefore, "to state a

claim for fraudulent concealment, Plaintiff must allege (1) Defendants had knowledge of

undisclosed material information, which (2) Plaintiff could not have discovered through ordinary

diligence."  *Pollard*, 2013 U.S. Dist. LEXIS 84587, at *13.  To toll the statute of limitations under

Missouri law:

> [T]here must be something of an affirmative nature designed to prevent, and which
> does prevent, discovery of the cause of action . . . [T]he fraudulent concealment
> must be something more than mere silence on defendant's party . . . the employment
> of some means or device to prevent discovery should be shown.  Silence becomes
> misrepresentation only when there is a duty to speak, such as when one of the
> parties has superior knowledge or information not within the fair and reasonable
> reach of the other party.

*Owen v. GMC*, 533 F.3d 913, 919–20 (8th Cir. 2008).

Plaintiff Cox's fraudulent concealment claim fails because Plaintiff Cox could have

discovered the purported defect through ordinary diligence.  Plaintiff Cox alleges that she

"researched" the Yoga 710 prior to purchase and that consumer complaints regarding the purported

defect were publicly available as of 2013, four years before she bought her laptop.  *See, e.g.*,

*DePeralta v. Dlorah, Inc.*, No. 11-1102-CV-SJ-ODS, 2012 U.S. Dist. LEXIS 132308, at *20

(W.D. Mo. Sept. 17, 2012) (concluding that "the information was available from the Department

of Education's website, so Plaintiff could have discovered the information through reasonable diligence if she wanted to"); Compl. ¶ 25, 61, n.9.

Further, as with Plaintiff Cox's' MMPA claim, the only statements identified in the Complaint constitute puffery and cannot serve as a basis for a fraudulent concealment or omission claim under Missouri law. *See, e.g.*, *In re Gen. Motors Corp. Anti-Lock Brake Products Liab. Litig.*, 174 F.R.D. 444, 446–47 (E.D. Mo. 1997) (denying plaintiffs' motion to amend judgment and file an amended complaint when "Plaintiffs' claims for . . . fraudulent concealment failed to state a claim because the claims were based on puffery"); *see also supra* Section IV.D.1.

Finally, Plaintiff Cox cannot toll the statute of limitations because the Complaint is devoid of any plausible factual allegations demonstrating that Lenovo employed "some means or device to prevent [Plaintiff Cox's] discovery" of the purported defect or that Lenovo did anything other than remain silent, which is insufficient when Plaintiff Cox could have discovered the purported defect through ordinary diligence. *Owen*, 533 F.3d at 919–20; *see, e.g.*, Compl. ¶¶ 7 (alleging "Lenovo elected to conceal the Defect"), 26 (alleging "[a]t no point . . . did Lenovo disclose the Defect to Plaintiff Cox"), 151 (alleging Lenovo "intentionally conceal[ed]" the purported defect), 177 (alleging "Lenovo concealed the Defect"). Indeed, the only communication Plaintiff Cox purportedly had with Lenovo was when "Lenovo communicated to Plaintiff Cox that her warranty had expired, but it would service Plaintiff Cox's Class Device at her expense." Compl. ¶ 32. This communication, however, in no way amounts to an attempt to prevent Plaintiff Cox from discovering the defect.

Accordingly, Plaintiff Cox's fraudulent concealment or omission claim under Missouri law (Count VII) should be dismissed.

## V.   <u>CONCLUSION</u>

Plaintiffs' claims fail as a matter of law.   The Complaint fails to meet the governing pleading standards, and the statutes it invokes are inapplicable.   Accordingly, the Court should dismiss the Complaint in its entirety.

Respectfully submitted,

Dated: August 12, 2020                          By:  /s/

David B. Hamilton (#04308)
Hillary V. Colonna (#19704)
100 Light Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5850
Facsimile: (410) 694-0871
Email: david.hamilton@wbd-us.com
          hillary.colonna@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**

*and*

Christina N. Goodrich (*admitted pro hac vice*)
Daniel J. Stephenson (*admitted pro hac vice*)
**K&L GATES LLP**
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5547
Facsimile: (310) 552-5001
Email: christina.goodrich@klgates.com
          dan.stephenson@klgates.com

Meredith D.M. Bateman (*admitted pro hac vice*)
**K&L GATES LLP**
1 SW Columbia Street
Portland, OR 97204
Telephone: (503) 228-3200
Facsimile: (503) 248-9085
Email: meredith.bateman@klgates.com

***Attorneys for Defendant Lenovo (United States), Inc.***

30