**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NEHA SINGH, SANDRA COX, JORDAN LYNTON, JAMES GREENSPAN, and MARIUSZ OZMINKOWSKI, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| | ) Case No.: |
| Plaintiffs, | ) FIRST AMENDED CLASS ) ACTION COMPLAINT |
| v. | ) |
| LENOVO (UNITED STATES), INC., | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) ) ) ) |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Neha Singh, Sandra Cox, Jordan Lynton, Dr. James Greenspan, and Mariusz Ozminkowski (collectively "Plaintiffs"), on behalf of themselves and all persons similarly situated, by and through their attorneys, allege as follows based upon personal knowledge as to themselves and their own acts and experiences, the investigation of their attorneys, and, as to all other matters, upon information and belief.

**INTRODUCTION**

1.       Plaintiffs bring this class action on behalf of themselves and a class of current and former owners of Lenovo-brand 700-series "2-in-1" Yoga laptop/tablets equipped with a dual-hinge system ("Class Devices" or the "Devices")[1] in order to redress Defendant Lenovo United

---

[1] This includes the Lenovo Yoga 700, 710, 720, and 730 models. Plaintiffs reserve the right to amend or add to Lenovo models included in the definition of Class Devices after conducting discovery, including Lenovo models with near identical forms, designs, and functions.

States, Inc.'s ("Lenovo") purposeful and knowing marketing, sale and warranting of defective Class Devices.

2.      Class Devices are "2-in-1" tablet/laptops that sell at a premium relative to traditional tablets.  According to Lenovo, Class Devices utilize a purportedly revolutionary dual-hinge system that allows consumers to use Class Devices in one of four different configurations as either a traditional laptop or a touchscreen tablet simply by folding one of the device's surfaces along its two hinges.

3.      Class Devices, in fact, derive their trade name—the "Yoga"—from the alleged flexibility afforded by the dual-hinge system, which, for all intents and purposes, is identical across Class Devices with respect to design, form, assembly and function.

4.      Unbeknownst to consumers, however, the dual-hinge system Lenovo utilizes in Class Devices is defective in that it prematurely and unexpectedly cracks and fails, rendering the hinges inoperable and prohibiting Plaintiffs and Class members from changing the configuration of their Devices. The Defect thereby deprives owners of the Devices' defining feature: the ability to use their Device as either a tablet or a laptop (the "Defect").

5.      The Defect not only renders the hinges inoperable; it also damages other Device components. As the Defect manifests and the hinges begin to crack and separate from the Devices, optical cables within may begin to fray and cause screens begin to flicker before the hinge ultimately comes loose and causes the plastic surrounding the screen (or the screen itself) to crack, rendering Class Devices utterly useless.

6.      Lenovo knew or should have known of the Defect long before it placed Class Devices into the stream of commerce through, *inter alia*, durability testing during which it purportedly subjected the dual-hinge system to 25,000 open-close cycles that mimic 8-10 years of

use, and thus did or should have revealed the Defect, as well as customer reports concerning failures of a nearly identical hinge system Lenovo used in prior Yoga models.

7.      Yet, Lenovo elected to conceal the Defect from Plaintiffs and the Class. Indeed, even when consumers advise Lenovo that the Defect has manifested in Class Devices, Lenovo denies that the Defect exists and asserts hinges only fail when misused.

8.      As a result of Lenovo's unfair, deceptive, and/or fraudulent business practices in connection with the Defect, current and former owners of Class Devices, including Plaintiffs, have suffered an ascertainable loss of money, property, and/or loss in value. Had Plaintiffs and the Class known about the Defect at the time of purchase, they would have paid substantially less for their Class Devices, or would not have purchased them and avoided the significant out-of-pocket costs they have or will incur to repair or replace Class Devices once the Defect manifests.

9.      Accordingly, Plaintiffs bring this action to redress Lenovo's violations of various states' consumer fraud statutes, breach of express and implied warranties, and other common law wrongs.

## JURISDICTION & VENUE

10.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act of 2005, because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different States. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.     This Court has personal jurisdiction over Lenovo because it has conducted substantial business in this judicial district, and intentionally and purposefully placed Class

Devices into the stream of commerce within the district of Maryland and throughout the United States.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant transacts business in this district, advertises in this district and has received substantial revenue and profits from its sales of Class Devices in this district, including to Plaintiff Singh and other members of the Class; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

**PARTIES**

**Plaintiff Singh**

13.     Plaintiff Neha Singh ("Plaintiff Singh") is a citizen of the State of Maryland, and currently resides in Baltimore, Maryland.

14.     Plaintiff Singh purchased a Lenovo Yoga 710 14IKB in the beginning of 2017 through Amazon.com.

15.     Prior to purchasing her Class Device, Plaintiff Singh researched different laptops and viewed multiple advertisements from Lenovo, touting the Lenovo Yoga's 360-degree rotation (upon the Lenovo Yoga's hinges) and touch screen features. These features persuaded Plaintiff Singh to purchase a Class Device over competitive offerings.

16.     At no point, either in researching Class Devices, at the point of sale or otherwise, did Lenovo disclose the Defect to Plaintiff Singh. Had Lenovo disclosed the Defect to Plaintiff Singh, she would not have purchased a Class Device.

17.     Immediately after receiving her Class Device, Plaintiff Singh reviewed the Class Device box and the documents included inside the box. Neither of these sources disclosed the Defect to Plaintiff Singh.

18.     In May/June 2019, Plaintiff Singh's Class Device's screen started to flicker and shut off, and a squeaking/cracking noise emanated from Plaintiff Singh's device. Eventually, Plaintiff Singh's webcam also ceased functioning.

19.     In March 2020, Plaintiff Singh's Class Device's hinge began to break down, causing a noticeable gap between the hinge and the speaker, and the screen on her Class Device began to separate from the rest of the Device.

20.     Since her Class Device developed a noticeable gap between the hinge and speaker, Plaintiff Singh has been unable to close her Device, instead having to leave it open at all times, thereby eliminating the Device's portability or hybrid functionality.

21.     In late March 2020, Plaintiff Singh contacted Lenovo twice to seek warranty coverage for the Defect, but Lenovo never responded.

22.     Plaintiff Singh has suffered an ascertainable loss as a result of the Defect. Had Lenovo disclosed the Defect to Plaintiff Singh, she would not have purchased a Class Device and would have avoided the extensive costs she will incur to repair or replace it, or would have paid substantially less for it.

**Plaintiff Cox**

23.     Plaintiff Sandra Cox ("Plaintiff Cox") is a citizen of the State of Missouri, and currently resides in Kansas City, Missouri.

24.     Plaintiff Cox purchased her Lenovo Yoga 710 in February 2017 from a Best Buy retailer.

25.     Prior to purchasing her Class Device, Plaintiff Cox researched different laptops and viewed multiple advertisements from Lenovo, touting the Lenovo Yoga's 360-degree rotation

(upon the Lenovo Yoga's hinges). These features persuaded Plaintiff Cox to purchase a Class Device over a competitive offering.

26.    At no point, either in researching Class Devices, at the point of sale or otherwise, did Lenovo disclose the Defect to Plaintiff Cox. Had Lenovo disclosed the Defect to Plaintiff Cox, she would have not purchased a Class Device.

27.    Immediately after receiving her Class Device, Plaintiff Cox reviewed the box her Class Device came in and the documents included inside the box. Neither of these sources disclosed the Defect to Plaintiff Cox.

28.    In late February 2020, Plaintiff Cox went to shut her Class Device and felt resistance. She then noticed that the hinge on the lower left side of the Class Device had begun to break down and pull apart.

29.    Since that discovery, Plaintiff Cox's Class Device's screen began to crack upward and outward from the broken hinge, and a piece of metal from inside of the screen is now visible, eliminating the Device's portability or hybrid functionality.

30.    To prevent her Class Device from breaking any further, Plaintiff Cox has used extreme caution in using it at all, and is unable to transport her Class Device anywhere, let alone reconfigure it.

31.    In late February/early March 2020, Plaintiff Cox contacted Lenovo via telephone, but the calls kept getting disconnected.

32.    Ultimately, Lenovo communicated to Plaintiff Cox that her warranty had expired, but it would service Plaintiff Cox's Class Device for an additional fee.

33.    Plaintiff Cox has suffered an ascertainable loss as a result of the Defect. Had Lenovo disclosed the Defect to Plaintiff Cox, she would not have purchased a Class Device and

would have avoided the extensive costs she will incur to repair or replace it, or would have paid substantially less for it.

**Plaintiff Lynton**

34.    Plaintiff Jordan Lynton ("Plaintiff Lynton") is a citizen of the State of Florida, and currently resides in Valrico, Florida.

35.    Plaintiff Lynton purchased her Lenovo Yoga 730 directly from Lenovo for $653.20 on March 14, 2019.

36.    Prior to purchasing her Class Device, Plaintiff Lynton researched different laptops and viewed multiple advertisements from Lenovo, touting the Lenovo Yoga's 360-degree rotation (upon the Lenovo Yoga's hinges). These features persuaded Plaintiff Lynton to purchase a Class Device over a competitive offering.

37.    At no point, either in researching Class Devices, at the point of sale or otherwise, did Lenovo disclose the Defect to Plaintiff Lynton. Had Lenovo disclosed the Defect to Plaintiff Lynton, she would not have purchased a Class Device.

38.    Immediately after receiving her Class Device, Plaintiff Lynton reviewed the box her Class Device came in and the documents included inside the box. Neither of these sources disclosed the Defect to Plaintiff Lynton.

39.    In late November 2020, Plaintiff Lynton went to open her Class Device and heard a cracking sound. The screen on the Class Device was stuck and would not open, and Plaintiff Lynton noticed that the bottom left corner of the screen was jutting out from the frame.

40.    Plaintiff Lynton did not want to move her Class Device out of fear of causing any more harm to the Class Device. To prevent her Class Device from breaking any further, Plaintiff Lynton has stopped using her Class Device.

41.     Plaintiff Lynton contacted Lenovo via telephone on November 24, 2020, but Lenovo refused to fix the Class Device because Plaintiff Lynton's warranty had expired and Lenovo refused to fix anything out of warranty, citing COVID-19 as their reason. Lenovo then directed Plaintiff Lynton to a Staples store if she wanted any help, but the Staples personnel informed Plaintiff Lynton that they could not help her either.

42.     Plaintiff Lynton, who is a student and was in the middle of writing her dissertation when her Class Device broke down, was forced to purchase a new computer for $1170 from a different company after Lenovo refused to help.

43.     Plaintiff Lynton has suffered an ascertainable loss as a result of the Defect. Had Lenovo disclosed the Defect to Plaintiff Lynton, she would not have purchased a Class Device and would have avoided the extensive costs she incurred to replace it, or would have paid substantially less for it.

**Plaintiff Greenspan**

44.     Plaintiff Dr. James Greenspan ("Plaintiff Greenspan") is a citizen of the State of New York, and currently resides in Queensbury, New York.

45.     Plaintiff Greenspan purchased his Lenovo Yoga 730 from Best Buy for approximately $750 in April 2018.

46.     Prior to purchasing his Class Device, Plaintiff Greenspan researched different laptops and viewed multiple advertisements from Lenovo, touting the Lenovo Yoga's 360-degree rotation (upon the Lenovo Yoga's hinges). These features persuaded Plaintiff Greenspan to purchase a Class Device over a competitive offering.

47.     At no point, either in researching Class Devices, at the point of sale or otherwise, did Lenovo disclose the Defect to Plaintiff Greenspan. Had Lenovo disclosed the Defect to Plaintiff Greenspan, he would not have purchased a Class Device.

48.     Immediately after receiving his Class Device, Plaintiff Greenspan reviewed the box his Class Device came in and the documents included inside the box. Neither of these sources disclosed the Defect to Plaintiff Greenspan.

49.     Plaintiff Greenspan used his Class Device rarely, mostly for his medical practice.

50.     On July 29, 2020, Plaintiff Greenspan used his Class Device,  tried to close it and heard a crunch sound when it closed. Plaintiff Greenspan opened the Class Device to see that the hinge on the right hand side pulled off the monitor and the screen was cracked.

51.     Plaintiff Greenspan immediately took his Class Device to Best Buy, which told him that there was nothing they could do to help him.

52.     Plaintiff Greenspan then contacted Lenovo via Twitter on July 31, 2020 about the breakdown of his Class Device. Lenovo responded to Plaintiff Greenspan and told him that, because his Class Device was outside of warranty, it would only fix his Class Device if Plaintiff Greenspan paid an additional fee.

53.     Because Plaintiff Greenspan used his Class Device for his medical practice and needed it immediately to help his patients, Plaintiff Greenspan was forced to purchase a new computer—a Lenovo Yoga 740—for $855.99 with an extended warranty of approximately $226.

54.     Plaintiff Greenspan has suffered an ascertainable loss as a result of the Defect. Had Lenovo disclosed the Defect to Plaintiff Greenspan, he would not have purchased a Class Device and would have avoided the extensive costs he incurred to replace it, or would have paid substantially less for it.

**Plaintiff Ozminkowski**

55.    Plaintiff Mariusz Ozminkowski ("Plaintiff Ozminkowski") is a citizen of the State of California, and currently resides in Pasadena, California.

56.    Plaintiff Ozminkowski purchased his Lenovo Yoga 730 from Best Buy for approximately $992.08 in August 2019.

57.    Prior to purchasing his Class Device, Plaintiff Ozminkowski researched different laptops and viewed multiple advertisements from Lenovo, touting the Lenovo Yoga's 360-degree rotation (upon the Lenovo Yoga's hinges). These features persuaded Plaintiff Ozminkowski to purchase a Class Device over a competitive offering.

58.    At no point, either in researching Class Devices, at the point of sale or otherwise, did Lenovo disclose the Defect to Plaintiff Ozminkowski. Had Lenovo disclosed the Defect to Plaintiff Ozminkowski, he would have not purchased a Class Device.

59.    Immediately after receiving his Class Device, Plaintiff Ozminkowski reviewed the box his Class Device came in and the documents included inside the box. Neither of these sources disclosed the Defect to Plaintiff Ozminkowski.

60.    Plaintiff Ozminkowski used his Class Device sparingly.

61.    In June 2020, Plaintiff Ozminkowski opened his Class Device and the left-side hinge cracked. The Class Device screen also began to crack.

62.    Plaintiff Ozminkowski immediately contacted Lenovo through its website and submitted a warranty claim for coverage, as his Class Device broke down within the warranty period.

63.    Lenovo, however, responded that it considered the damage done to Plaintiff Ozminkowski's Class Device to be "something that [Lenovo] may consider as physical damage or

an accidental damage on the computer." As a result, Lenovo denied Plaintiff Ozminkowski any warranty coverage and instead said that it would only fix Plaintiff Ozminkowski's Class Device for an additional fee.

64.     Plaintiff Ozminkowski has suffered an ascertainable loss as a result of the Defect. Had Lenovo disclosed the Defect to Plaintiff Ozminkowski, he would not have purchased a Class Device and would have avoided the extensive costs he will incur to replace it, or would have paid substantially less for it.

**The Defendant**

65.     Defendant Lenovo United States, Inc. is a corporation created under the laws of the State of North Carolina, with its principal place of business in Morrisville, North Carolina.

## TOLLING OF STATUTES OF LIMITATIONS

66.     Any applicable statute(s) of limitations have been tolled by Lenovo's knowing and active concealment and denial of the facts alleged herein.  Plaintiffs and the members of the Class could not have reasonably discovered the true, latent nature of the Defect until shortly before this class action litigation was commenced.

67.     In addition, even after Plaintiffs and Class members contacted Lenovo and/or its authorized retailers for Class Devices repairs concerning the effects of the Defect, they were routinely told by Lenovo and/or through its retailers that the Class Devices were not defective and that a breakdown of the hinge on a Class Device was the result of normal use of the Class Devices.

68.     Lenovo was and remains under a continuing duty to disclose to Plaintiffs and the members of the Class the true character, quality, and nature of the Class Devices.  As a result of Lenovo's active concealment, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## FACTUAL ALLEGATIONS

A.     **Class Devices**

69.     The Lenovo Yoga is a series of tablet/laptop 2-in-1 hybrids that first debuted in 2012. Lenovo claims Yoga devices offer a "premium experience for business, creativity, and everyday use."[2]

70.     The Yoga series' primary selling point is its ability to switch between four (4) configurations: a traditional laptop with a keyboard that lies flat; and a tablet that lies flat, stands vertically or "pops-up" like a tent. Users generally achieve these configurations by folding the device's screen upon its hinge.[3]

71.     Indeed, Lenovo often advertises Yoga devices by displaying them folded along their hinges in various configurations[4]:

---

[2] *See* https://www.lenovo.com/us/en/laptops/yoga/700-series/Yoga-730-15/p/88YG7000965 (last accessed on 4/7/2020).

[3] *See* https://www.lenovo.com/us/en/yoga/products/ (last accessed on 4/7/2020).

[4] *See* https://www.lenovo.com/us/en/laptops/yoga/700-series/Lenovo-YOGA-710-15IKB/p/88YG7000772 (last accessed on 4/7/2020).



72.     According to Lenovo, Yoga devices, including Class Devices, can be reconfigured in this fashion because they are "[d]esigned with a special hinge that allows the screen to fold backwards into a tablet mode[.]"[5] Lenovo further touts that "[e]very Yoga 2 in 1 laptop is crafted with a ***highly durable hinge*** that allows you to transition seamlessly between a laptop, tent, stand, or tablet[,]"[6] and that its "unique hinge …. allows the screen to flip around 360 degrees" without issue.[7]

73.     Lenovo markets Yoga devices, including Class Devices, by focusing on this purportedly unique trait—for example, by folding the devices along both hinges—in order to demonstrate the flexibility and stability of Yoga devices and distinguish its products from those of its competitors.

---

[5] *Id.*

[6] *Id.* (emphasis added).

[7] *See* https://www.lenovo.com/us/en/laptops/yoga/700-series/Lenovo-YOGA-710-15IKB/p/88YG7000772 (last accessed on 4/7/2020).

74.    Consequently, the flexibility and durability of the dual-hinge system Lenovo uses in Class Devices is central to product functionality, and material to consumers when deciding whether to purchase a Class Device or a traditional laptop or tablet from one of Lenovo's competitors.

**B.    <u>The Defect</u>**

75.    The hinges used in the Class Devices, however, are defective. Specifically, the Defect causes the hinges to separate from the device, ultimately (1) damaging visual displays, (2) cracking screens, (3) impeding device owners from transitioning the configuration of Class Devices, and/or (4) prohibiting owners from closing and transporting Class Devices for fear of completely breaking them.

76.    To connect the display and the base of the laptop, Class Devices utilize hinges. Lenovo assembles the hinges into all Class Devices in the exact same manner: the hinges are installed into the display portion of the laptop and secured with an adhesive, and then are secured into the base of the laptop with screws.  An exemplar picture of the dual-hinge system used in Class Devices is below:



77. The hinges on the Class Devices are used to open and close the device and should be able to withstand normal and foreseeable use. Lenovo, in fact, claims the two-hinge system should last at least 25,000 open-close cycles, which equates to approximately 8 to 10 years.

78. The adhesive intended to affix the hinge assembly to the display fails at a rapid rate, however, which causes the hinge to separate from the lid and inhibits its ability to keep the screen anchored to the laptop body.

79. In addition, when the adhesive fails and the hinge detaches, the hinge plate is able to move between the Device's screen and the surrounding lid. As shown in the picture above, the hinge is surrounded by a number of delicate display wires that are critical to the functionality of the Devices' screens, and thus the Devices themselves. An unsecured hinge is free to damage or impinge these display wires.

80.     The Defect thus sometimes firsts manifests as "screen flickering," as the detached hinge comes into contact with surrounding wires, though consumers typically have no reason to think that a loose hinge may have damaged their display.

81.     A detached hinge also tends to damage the underside of the Device's display and create pressure against the glass, causing the screen and surrounding plastic to shatter, damaging internal components such as the camera and rendering further use of the laptop not only impossible, but dangerous as well.

82.     More importantly, once the hinge has separated, Plaintiffs and Class members lose access to their Device's defining feature: the ability to transport their device and "seamlessly" transition it between its four possible configurations.

83.     Unfortunately for Plaintiffs and Class members, they could not have readily discovered the true extent and nature of the Defect until *after* it manifested in their Class Devices. Lenovo, however, has long known of the Defect while concealing its existence from its customers.

## C.     Lenovo's Longstanding Knowledge of the Defect

84.     On information and belief, Lenovo learned of the Defect well before Plaintiffs and Class Members purchased their Class Devices through sources such as pre-release evaluation and testing, repair data, replacement data, early consumer complaints made directly to Lenovo and/or posted on a public online forum, and other internal sources unavailable to Plaintiffs prior to discovery.

### 1.     Lenovo's Knowledge of the Defect Gained from Pre-Release Design, Manufacturing, Engineering, and Testing Data

85.     During the pre-release process of designing, manufacturing, engineering, and testing the Class Devices, Lenovo gained comprehensive and exclusive knowledge about the Class Devices and their hinge design, particularly the basic engineering principles behind the

construction and function of the Class Devices and the expected conditions and uses to which users would subject Class Devices in ordinary and foreseeable use and conditions.

86.    An adequate pre-release analysis of the design, engineering, testing, and production of Class Devices did reveal, or should have revealed, to Lenovo that the dual-hinge system used in Class Devices is defective and likely to prematurely failing in the normal course of use.

87.    In fact, since as far back as 2012 Lenovo has claimed that it subjects Yoga hinges to durability testing designed to ensure the hinges last at least 25,000 cycles of being opened and closed without failure, which Lenovo intended to replicate eight to ten years of normal use.





88.    Lenovo routinely references this durability testing when responding to customer complaints, including complaints concerning the Defect in Class Devices, in order to persuade Class members that the Defect does not exist:

**Brand response from Lenovo Product Expert**

Posted 1 year ago.

The Lenovo Yoga 730-15 uses hinges that have bench tested through 25,000 cycles (the equivalent of 8 to 10 years of normal use) without a failure.  For 2018, Lenovo retained its place for a second year as the best laptop vendor:
https://www.laptopmag.com/articles/laptop-brand-ratings



89.     As a result, Lenovo knew or should have known that Class Devices suffer from the Defect and are prone to premature failure.

**2.     Lenovo's Knowledge of the Defect from Previous Yoga Models that Utilized an Identical Hinge Design**

90.     Lenovo also knew or should have known about the Defect because the two-hinge design Lenovo uses in Class Devices is, in terms of design, form, assembly and function, identical to the similarly defective two-hinge system Lenovo used in its Yoga, Yoga 2, and Yoga 3 models. Attached hereto as **Exhibit A** are pictures of the hinges used in both those devices and Class Devices.

91.     Indeed, Lenovo's own forums (which, as demonstrated below, Lenovo regularly monitors for customer complaints in order to respond thereto), are replete with complaints related to hinge failure—and the attendant risk of screen cracking—in Yoga, Yoga 2 and Yoga 3 2-in-1 devices.

92.     Only a smattering of the complaints pertaining to those models is transcribed below. However, these exemplar complaints, each of which predates Lenovo's release of Class Devices and Plaintiffs' purchase thereof, demonstrates that Lenovo has long been aware of the Defect plaguing the dual-hinge system central to the functionality of Class Devices:

> I'm having a similar problem with my Yoga 2 (13 inch). The left-hand corner hinge suddenly warped and broke with no extra stress or dropping or anything similar.

Then the top lid started to detach from back of the screen. The computer is only about a year old and has spent several months in storage because another repair wasnt completed in time for me to take it on an overseas assignment. I will try tightening the small screws if I can find a screwdriver small enough. Has anyone found a way to reattach the lid to the back of the screen so that it doesnt fall off?[8]

I love the device, it's got a great feel to it, it feels like a real personal laptop/tablet. But my experience is being destroyed by 2 things: firstly, the upper left hand corner hinge became loose and the screw ended up falling, I can't open the laptop without it cracking at some point. The second part is that I cannot for the life of me, get a hold of anyone at the Lenovo call center to help me out. [9]

I bought my yoga 3 pro not too long ago, I love it and everything except when it comes to one part. Whenever I adjust the screen, either push it backwards or pull it forward it makes this weird cracking sound around the hinge, it's not the rattling sound but some weird cracking.[10]

93.    Due to the identical design, and nature of the complaints concerning premature and unexpected failure, of the dual-hinge system in predecessor Yoga models, Lenovo knew or should have known of the Defect prior to placing Class Devices into the stream of commerce.

**3.    Lenovo's Knowledge of the Defect from Repair Data**

94.    Lenovo also knew or should have known about the Defect because of the large number of claims for Defect repairs and part replacements made during the Class Devices' warranty periods.

95.    Consumers complain that the Defect causes the hinge to fail, ultimately causing their Class Devices to break down and the screens to crack.

96.    On information and belief, Lenovo, like all computer manufacturers, communicates with its distributors in order to identify pervasive defects, root causes, and potential repairs.

---

[8] Posted by jmacade on 4/8/2016 (https://forums.lenovo.com/t5/Idea-Windows-based-Tablets-and/Yoga-disintegrates-when-case-screws-loosen-an-analysis-and-how/td-p/1639696).
[9] Posted by eljefe17 on 3/3/2013 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-13-hinge-issue/td-p/1048731).
[10] Posted by FJheals on 1/22/2015 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-3-Pro-Hinge-cracking-sound/m-p/1861206?page=1#1862430).

Lenovo collects and analyzes field data, including but not limited to, repair requests made at distributors, technical reports prepared by engineers that have reviewed Class Devices for which warranty coverage is requested, parts sales reports, and warranty claims data, in order to determine whether a defect exists and should be covered under warranty or through a goodwill program.

97.    Indeed, numerous Class members complain of having to send their Devices into Lenovo for repair under the warranty due to the Defect only for their Devices to fail again shortly thereafter:

> Hello everyone, I'm reading that others have this problem and it has resulted in a broken screen. The left side of the right hinge on my yoga is not connected like it is on the other hinge. Is this a defect or part of the design? I contacted Lenovo to see if I could get a replacement before my screen shatters but they said that I can only repair it. Unfortunately I need a laptop everyday for school and work so I cant afford to wait 10 business days for it to be repaired.[11]

98.    Due to Lenovo's efforts to monitor defect trends and the sheer number of repairs and warranty requests made in connection with the Defect, Lenovo knew or should have known of the Defect.

### 4.    Lenovo's Knowledge of the Defect from Class Member Complaints Made Directly to Lenovo

99.    Lenovo also knew or should have known about the Defect because hundreds, if not thousands, of consumers complained about the Defect directly to Lenovo. The large number of complaints, and the consistency of their descriptions of the Defect in the Class Devices, should have alerted or actually alerted Lenovo to this serious Defect affected a wide range of its portable computers/tablets.

---

[11] Posted by JC91 on 5/17/2019 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-730-Broken-Hinge/m-p/4431922).

100.     The full universe of complaints made directly to Lenovo about the Defect is information presently in the exclusive custody and control of Lenovo and is not yet available to Plaintiffs prior to discovery. On information and belief, however, many Class Devices owners complained directly to Lenovo about the Defect and the issues it caused. For example, some instances of these direct-to-Lenovo complaints were posted online on Lenovo's own website forums, and responded to by Lenovo customer service[12]:



---

[12] Posted by Arjay_Lenovo on 10/18/2018 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Broken-730-hinge-broken-screen/td-p/4241112).

101.    Despite Lenovo's agent's assertions that the hinge issue was not a "known issue,"

numerous other consumers posted similar complaints on Lenovo's message board:

> I was using my laptop this morning like usual, closed it, then went to open it a minute later and the screen started to separate at the bottom left, cracking as I went to open it. I contacted support and they're sending me a box this week. Has anyone ever experienced this before and what was the remedy? I haven't dropped it at all and have no idea why it separated.[13]

> Can anyone help. My new'ish Lenovo 710 screen has cracked at the hinge. There are several posts from other people with similar issues. We all maintain this is a design fault – I certainly have not dropped/damaged mine and it appeared when I opened my laptop. But you get no help from support who tell you it is your fault if its cracked. How do get Lenovo to admit this is bad design and support their clients by replacing screens? Any suggestions please – its like hitting your head against a brick wall.[14]

> The same thing just happened to my 710 purchased 18 months ago so out of warranty …. The disappointing part is definitely the lack of accountability from Lenovo. I have used HP, ASUS, and IBM laptops in the past and thought Lenovo would have continued the IBM tradition of building workhorse laptops. I guess not. Never again.[15]

> Hi – my daughter has just had this issue with the screen on her Yoga 710, cracking diagonally from the top left hand to bottom right hand corner, adjacent to the hinge. …. From this thread it seems like the fault is fairly common which suggests a design flaw.[16]

> Yoga 710: Screen separating in the bottom right hand corner. I'll attach a pic, but it is hard to see. Just today, I heard a pop as I opened my Yoga. Seems the the bottom left hand corner of the screen has separated from its "backing" (not exactly sure how to describe this.) I did see a report of something that was vaguely familiar with a different machine and someone mentioned it could be a bad hinge. I can flex it all the way back to tablet mode. The screen flexes up the entire way (so I'm not

---

[13] Posted by Kchudoba23 on 3/18/2017 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-710-screen-cracked-from-opening-it/td-p/3610525)

[14] Posted by MBHE on 2/2/2018 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/YOGA-710-screen-cracking-no-support-from-Lenovo/td-p/3965747).

[15] Posted by jdallas87 on 2/1/2020 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Lenovo-Yoga-700-710-720-900-broken-hinge-cracked-screen-glass/m-p/4264992?page=2).

[16] Posted by MyVeeTwin on 8/3/2017 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-710-screen-cracked-from-opening-it/td-p/3610525).

doing that again).When I bend the opposite direction (toward closed) the aluminum casing separates from the small plastic tab with the rubber foot.[17]

Hi, so just now the right hinge on my Yoga 720 popped out of alignment. Is there any way to put it back in?[18]

Hi, I got my second Yoga 720 13" (i5, 256GB SSD, 8GB Ram, Iron Grey) today and the left hinge was broken again… yes the first YOGA got the same broken hinge on the left side. Does have anybody the same issue?[19]

Hi, Recently I got a new Lenovo yoga 720 15". While using suddenly a sound came from the right hinge of the laptop and it started showing some movements about a mm (just the screen moves up and down about a mm or two), and the small cover besides Hinge just pops from a side.[20]

I've posted the exact same crack on another thread. Only a 5 day old laptop which I didn't even started to use regularly. In fact every Lenovo service center worldwide, if they see a crack originating from the hinge should immediately replace the unit without asking …. No laptop should be designed in a way that a defective, loose or broken hinge will immediately ruin the display.[21]

I bought a new computer mainly to use at work so I don't really use it that often…I think I've had it for 4 months and I have about 35 charge cycles accumulated. Yesterday I noticed that there are these little hairline cracks developing on the hinges…[22]

One day when you've opened or closed the lid as you would with normal use, you here a pop and notice that the screen has separated from the lid body in one of the corners near the hinge …. If you choose to do nothing, this problem will only get worse and, eventually, the screen will crack ….Given that Lenovo designed this hinge and choose the materials and methods to assemble it, you would think that it would take the responsibility for failing to last passed warranty. Unfortunately, no

---

[17] Posted by krmartel on 4/13/2018 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-710-Screen-separating-in-bottom-right-hand-corner/td-p/4042656).

[18] Posted by Rabbidy on 12/5/2018 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Lenovo-Yoga-720-15-quot-hinge-popped-out-of-place/m-p/4291728).

[19] Posted by iDaniel on 6/22/2017 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-720-13-quot-Hinge-problem/td-p/3715295).

[20] Posted by Himanshu161 on 10/2/2017 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-720-13-quot-Hinge-problem/td-p/3715295).

[21] Posted by HassanMir on 10/21/2018 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Broken-730-hinge-broken/td-p/4241112).

[22] Posted by dcombs04 on 1/22/2018 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-730-hinge-cracking/m-p/4338428?page=1#4338428).

such luck. When you call support, you get nothing but denial and blame for mishandling their state-of-the-art product and causing it to fail.[23]

I have the same problem for my yoga 720. The hinge just broke through the screen one day when I opened the lid. I've only used it for 1.5 years.[24]

I am so disappointed to find these experiences since I just realized my beloved right hinge has separated after only a short time using the 720. I thought I was buying a solid machine and am very upset to hear Lenovo will not assist or take responsibility for an obvious design flaw.[25]

We bought a Yoga 730 in August for my 7th grader. She was using it as a tablet and one side of the right hinge popped off. She made the mistake of trying to close it. Hinge binds up and cracks screen. Lenovo support says tough luck.[26]

I just discovered tonight with certain lighting behind my laptop a missing piece in the right hinge on my Lenovo Yoga 730. I haven't even had the laptop for an entire month and I certainly have not dropped it or mishandled it- which means that the hinges weren't a priority in the design of this 2 in 1.[27]

Exact same problem here. The screen get separated from the left bottom corner. Bought 2 years ago with normal use.[28]

I purchased Lenovo Yoga 720's for my college student daughter and for myself. The hinges have broken on both after a year and two years, respectively. My daughter had hers repaired by a local computer tech to the tune of $200. I plan to repair my unit myself.[29]

---

[23] Posted by WiredDan on 10/11/2019 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Lenovo-Yoga-700-710-720-900-broken-hinge-cracked-screen-glass/m-p/4264992).
[24] Posted by insy747 on 5/29/2019 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Lenovo-Yoga-700-710-720-900-broken-hinge-cracked-screen-glass/m-p/4264992).
[25] Posted by Desmarais on 9/7/2019 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Lenovo-Yoga-700-710-720-900-broken-hinge-cracked-screen-glass/m-p/4264992).
[26] Posted by SEG4 on 9/15/2018 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-730-Broken-Hinge/m-p/4206592).
[27] Posted by megwormo on 9/18/2018 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-730-Broken-Hinge/m-p/4206592).
[28] Posted by Sunny43 on 10/3/2019 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Lenovo-Yoga-700-710-720-900-broken-hinge-cracked-screen-glass/m-p/4264992?page=2).
[29] Posted by angkor on 12/3/2019 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Lenovo-Yoga-700-710-720-900-broken-hinge-cracked-screen-glass/m-p/4264992?page=2).

Wow! This first repair post was put up in 2015 and the Yoga that I bought this year 2019 did the same thing and cracked the screen. You would think that after 4 years someone at Lenovo would be looking for a different adhesive or consistent manufacturing practices. I sent my cracked screen unit in for warranty repair. After 1 month of having it there is no indication what is happening to it and no one at Lenovo CS can tell me anything. I am typing this on my 7 year old Toshiba…[30]

102.     As the above sampling of complaints shows, Class Members have been vocal in complaining directly to Lenovo about the Defect, and the number and consistency of their complaints alerted Lenovo to the Defect's existence.

   **5.     Lenovo's Knowledge of the Defect from Class Member Complaints on Third-Party Websites**

103.     In addition to complaints made directly to Lenovo, consumers not only made complaints on third-party websites, but YouTube videos and DIY tutorial websites were made to help consumers attempt to fix the Defect themselves.

104.     On reddit.com, for example, owners of Class Devices voiced similar complaints about the Defect:

So it seems this is not an uncommon issue with the Lenovo yogas. The screen popped out of the bottom right corner of my laptop. Then when I went to open/close my laptop the screen cracked as the hinge punctured it (I didn't realize part of it was detached). Apparently Lenovo considered the screen damage accidental and won't cover this, and it'll cost $300. There is no way I'm paying this since the laptop cost $500, and I know I didn't drop or damage the laptop directly. I'm considering paying for it with a credit card and then just disputing it. There are a ton of forums with this same hinge issue, which should help.[31]

Anyone have any experience with a broken hinge on a y700 that led to a broken screen? And if so, or even if not, does anyone have a ballpark figure that I would be looking at for a replacement screen (touch version) and a new hinge/hinge hardware? Thing was taken care of pretty well but hinges started to sound a little

---

[30] Posted by Grumpy0077 on 12/4/2019 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Lenovo-Yoga-700-710-720-900-broken-hinge-cracked-screen-glass/m-p/4264992?page=2).

[31] Posted by u/f0rzablu (https://www.reddit.com/r/Lenovo/comments/aq9fxk/lenovo_yoga_broken_hinge_and_cracked_screen_from/).

weird over time... then one day after hinges (which I could tell were slightly broken but still very functional) were not moving very well and upon opening the screen cracked at the bottom and the crack spider webbed upwards. Really annoying but if I can fix for like 400 or less I'd rather keep this machine than buy a new one.[32]

i have the same problem as you my screws broke off because the cheap plastic lenovo put in them still haven't found a way to replace it but if you do please contact me i would like to also keep this laptop that i almost paid 800 for.[33]

105.    As this small sampling of complaints shows, consumers have been vocal in complaining about the Defect and the issues it causes, and Lenovo has long been aware of their concerns. As the screenshots below reflect, Lenovo actively monitors third-party sites in order to track customer complaints thus knew of the Defect:



---

106.    Instead of recalling all Class Devices, Lenovo simply told consumers that the Class Devices were built correctly, and the consumers themselves are the problem, often denying warranty coverage on such claims:[34]



---

[34] Posted by brwolt on 5/23/2018 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-710-broken-hinge/m-p/4086743); posted by JPierson on 4/2/2019 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-730-hinge-cracking/m-p/4338428?page=1#4338428); posted by GBMun on 2/14/2019 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Re-YOGA-730-Cracked-Screen/td-p/4359590).



107.    Moreover, the large number and consistency of complaints describing the Defect underscores the fact that Class members considered the Defect to be an issue material to the reasonable consumer.

### 6.    <u>Lenovo's Redesign of the Hinges on its Premium Laptop Models</u>

108.    In addition to its knowledge of the Defect from testing and complaints, Lenovo's re-design of its premium 2-in-1 models indicate it knows the dual-hinge system suffers from the Defect.

109.    While it equipped its Yoga 700-series models with a dual-hinge design, Lenovo equipped its "premium" laptop series—the Yoga 900 series—with a watchband hinge.[35]

110.    Indeed, Lenovo advertised its Yoga 900 series by highlighting the "flexible watchband hinge."[36]

---

[35] *See* https://www.lenovo.com/us/en/laptops/yoga/yoga-900-series/c/yoga-900-series (last accessed April 16, 2020).
[36] *See* https://www.youtube.com/watch?v=62_xLp3ZiSs (last accessed April 16, 2020).

111.    In 2018, Lenovo once again redesigned the hinges on its premium Yoga 900 series models, equipping them with a new speaker-hinge design.[37]

112.    On information and belief, Lenovo deployed an alternative hinge design in its premium 900 series because it knew its customers would not tolerate spending upwards of $2,000 for a 2-in-1 device likely to fail shortly after purchase.

113.    The two redesigns of Lenovo's premium laptops demonstrate that Lenovo knew that the dual-hinge system it equipped in Class Devices is defective and unsuited for its intended purpose.

**D.    Lenovo's Warranty Practices**

114.    Lenovo's unconscionable warranty practices make matters worse.

115.    Lenovo's express limited warranty provides coverage for only one year, and Lenovo expressly warrants "that each Lenovo hardware product that [a consumer purchases] is free from defects in materials and workmanship under normal use" within one year of purchase.[38]

116.    Lenovo also purports to limit warranty relief to product replacement or repair, and only when Lenovo determines that either is impossible, refund of the purchase price to the consumer.

117.    When consumers seek relief pursuant to the warranty, however, Lenovo merely offers to repair Devices using similarly defective dual-hinge systems that fail to remedy the underlying Defect. Thus, not only are Lenovo's claims of a "highly durable hinge that allows [the consumer] to transition seamlessly between a laptop, tent, stand, or tablet" patently false, its warranty also fails of its essential purpose.

---

[37] *See* Lenovo's Slickest 2in1 Ditches Its Famous Hinge For Two Hidden Tricks, at https://gizmodo.com/lenovos-slickest-2-in-1-ditches-its-famous-hinge-for-tw-1828704537.
[38] *See* https://download.lenovo.com/pccbbs/thinkcentre_pdf/l505-0010-02_en_update.pdf.

118.    This is evidenced by consumer complaints concerning ineffective repairs[39]:



119.    Lenovo also attempts to classify the problems caused by the Defect as those caused by "misuse," so as to avoid responsibility and the costs associated with honoring their express warranty.[40]

120.    These and any other limitations Lenovo seeks to impose on its various express warranties, including those arising by affirmation, are unconscionable and unenforceable.

121.    In its capacity as a warrantor, Lenovo's knowledge of the Defect in the Class Devices renders its efforts to limit the duration of express and implied warranties in a manner that would exclude warranty coverage unconscionable, and any such effort to disclaim, or otherwise limit, its express and implied warranties is null and void. The limitations on the warranties are procedurally unconscionable. There was unequal bargaining power between Lenovo and Plaintiffs and the other Class members, as, at the time of purchase, Plaintiffs and the other Class members had no other options for negotiating the terms thereof.

122.    The limitations on the warranties also are substantively unconscionable. Lenovo knew (and knows) that the Class Devices are defective and incapable of performing as advertised.

---

[39] Posted by megwormo on 10/26/2018 (https://forums.lenovo.com/t5/Lenovo-Yoga-Series-Notebooks/Yoga-730-Broken-Hinge/m-p/4206592?page=3).

[40] *Supra* at 21-22.

Lenovo failed to disclose these defects to Plaintiffs and the other Class members while continuing to market misrepresent the performance properties of Class Devices; thus, Defendant's enforcement of the limitations on its warranties is harsh and shocks the conscience.

123.    Lenovo's fraudulent, deceptive, and unfair practices have caused, and continue to cause, Plaintiffs and Class members significant out-of-pocket losses in the amount of the prices paid for these defective Devices, as well as their shipping and handling fees Lenovo requires consumers to pay in order to send their Devices via mail to be repaired.

## CLASS ALLEGATIONS

124.    Plaintiffs bring this action on their own behalf, and on behalf of a nationwide class pursuant to Federal Rules of Civil Procedure, Rule 23(a), 23(b)(2), and/or 23(b)(3).

### Nationwide Class:

All persons or entities in the United States who are current or former owners of Lenovo Yoga 700-series devices equipped with a dual-hinge system ("Class Devices").

125.    In the alternative to the Nationwide Class, and pursuant to Federal Rule of Civil Procedure, Rule 23(c)(5), Plaintiffs seek to represent the following state classes only in the event that the Court declines to certify the Nationwide Class above. Specifically, the State Classes consist of each of the following:

### California Class:

All persons or entities in California who are current or former owners of Lenovo Yoga 700-series devices equipped with a dual-hinge system ("Class Devices").

### Florida Class:

All persons or entities in Florida who are current or former owners of Lenovo Yoga 700-series devices equipped with a dual-hinge system ("Class Devices").

**Maryland Class:**

All persons or entities in Maryland who are current or former owners of Lenovo Yoga 700-series devices equipped with a dual-hinge system ("Class Devices").

**Missouri Class:**

All persons or entities in Missouri who are current or former owners of Lenovo Yoga 700-series devices equipped with a dual-hinge system ("Class Devices").

**New York Class:**

All persons or entities in New York who are current or former owners of Lenovo Yoga 700-series devices equipped with a dual-hinge system ("Class Devices").

126.    The California Class, the Florida Class, the Maryland Class, the Missouri Class, and the New York Class shall be collectively referred to herein as the "State Classes."

127.    The Nationwide Class and other State Classes shall be collectively referred to herein as the "Class." Excluded from the Class is Lenovo, its affiliates, employees, officers and directors, and the Judge(s) assigned to this case. Plaintiffs reserve the right to modify, change, or expand the various class definitions set forth above based on discovery and further investigation.

128.    <u>Numerosity</u>: Upon information and belief, the Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information being in the sole possession of Lenovo and obtainable by Plaintiffs only through the discovery process, Plaintiffs believe, and on that basis allege, that hundreds of thousands to millions of Class Devices have been sold in each of the States that are the subject of the Class.

129.    <u>Existence and Predominance of Common Questions of Fact and Law</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over

the questions affecting individual Class members. These common legal and factual questions include, without limitation:

    a. Whether Class Devices suffer from a Defect that predisposes their hinges to premature and unexpected failure;

    b. Whether the Defect causes, *inter alia*, screens and other Device components to fail;

    c. Whether Lenovo learned of the Defect before placing Class Devices into the stream of commerce and, if so, when;

    d. Whether the Defect's existence would have been material to a reasonable consumer;

    e. Whether Lenovo made false representations about the nature and performance of the Class Devices; and

    f. Whether Lenovo had a duty to disclose the Defect to the Class, at the point of sale or otherwise, and failed to do so;

    g. Whether the Defect renders Class Devices unsuited for their ordinary and intended purpose;

    h. Whether Lenovo's warranty limitations are unconscionable;

    i. Whether Lenovo's repair-or-replace warranty fails of its essential purpose;

    j. Whether Lenovo breached its express warranties by selling defective Class Devices; and

    k. Whether Lenovo was unjustly enriched.

130. <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the Class. Each Plaintiff purchased a Class Device that suffers from the Defect, as did each member of the Class. Furthermore, Plaintiffs and the Class sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Lenovo's wrongful conduct.  Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class members.

131. <u>Adequacy</u>:  Plaintiffs are adequate representatives because their interests do not conflict with the interests of the Class, they have retained counsel competent and highly experienced in complex class action litigation, including consumer litigation, and they intend to

prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

132.    <u>Superiority</u>:  A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Lenovo's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, *inter alia*, Lenovo's sales records and database of complaints.

133.    Lenovo has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
### (On Behalf of the Nationwide Class)

134.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

135.    Congress enacted the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*., in response to widespread consumer complaints regarding misleading and deceptive warranties. The Act imposes civil liability on any "warrantor" for failing to comply with any obligation under written and implied warranties. 15 U.S.C. § 2310(d)(1).

136.    The Class Devices are a "consumer product," as defined by § 2301(1).

137.    Plaintiffs, the Nationwide Class, and the State Class members are "consumers" as defined by § 2301(3).

138.    Lenovo is a "warrantor" and "supplier" as defined by §§ 2301(4) and (5).

139.    Lenovo expressly warrants that it will remedy defects in materials and/or workmanship in Class Devices that manifest within one year of purchase.[41]

140.    Lenovo also expressly limits warranty relief to product replacement or repair, and only when Lenovo determines that either is impossible, refund of the purchase price to the consumer.

141.    Lenovo has refused to remedy the Defect when Class Devices are presented for repair within an applicable warranty period because it repairs Devices using similarly defective replacement components, or asserts that Devices failed due to customer abuse and, thus, do not qualify for warranty coverage. Lenovo's repair-or-replace warranty thus fails of its essential purpose.

142.    Lenovo also routinely refuses to repair the Defect in Class Devices when presented for repair just outside the warranty period on grounds that the devices fall outside the limited warranty's durational limits.

---

[41] *See* https://download.lenovo.com/pccbbs/thinkcentre_pdf/l505-0010-02_en_update.pdf.

143.    Lenovo's knowledge and notice of the Defect prior to sale render its warranty limitations substantively unconscionable.

144.    Lenovo's warranties also are procedurally unconscionable because there was unequal bargaining power between Lenovo and Plaintiffs and the other Class members, as, at the time of purchase, Plaintiffs and the other Class members had no other options for negotiating the terms thereof.

145.    Lenovo's warranty remedial and durational warranty limitations thus are unconscionable and fail of their essential purpose, and are unenforceable.

146.    Plaintiffs seek to recover damages resulting directly from Lenovo's breach of their written and implied warranties, and their deceitful and unlawful conduct. Damages include costs associated with repairing and replacing the Devices.

147.    The Act also provides for "other legal and equitable" relief. 15 U.S.C. § 2310(d)(1). Accordingly, Plaintiffs seek reformation of Lenovo's written warranty to comport with Lenovo's obligations under the Act and with consumers' reasonable expectations. Additionally, Plaintiffs seek to enjoin Lenovo from acting unlawfully as further alleged, including discouraging Plaintiffs to seek all available remedies.

148.    The Act also provides for an award of costs and expenses, including attorneys' fees, to prevailing consumers in the Court's discretion. 15 U.S.C. § 2310(d)(2). Plaintiffs intend to seek such an award as prevailing consumers at the conclusion of this case.

**SECOND CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**(On Behalf of Nationwide Class or, alternatively, the State Classes)**

149.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

150.    Lenovo expressly warrants that it will remedy defects in materials and/or workmanship in Class Devices that manifest within one year of purchase.[42]

151.    Lenovo also expressly limits warranty relief to product replacement or repair, and only when Lenovo determines that either is impossible, refund of the purchase price to the consumer.

152.    Lenovo, however, has refused to remedy the Defect when Class Devices are presented for repair within an applicable warranty period because it repairs Devices using similarly defective replacement components, or asserts that Devices failed due to customer abuse and, thus, do not qualify for warranty coverage. Lenovo's repair-or-replace warranty thus fails of its essential purpose.

153.    Lenovo also routinely refuses to repair the Defect in Class Devices when presented for repair just outside the warranty period on grounds that the devices fall outside the limited warranty's durational limits.

154.    Lenovo's knowledge and notice of the Defect prior to sale render its warranty limitations substantively unconscionable.

155.    Lenovo's warranties also are procedurally unconscionable because there was unequal bargaining power between Lenovo and Plaintiffs and the other Class members, as, at the time of purchase, Plaintiffs and the other Class members had no other options for negotiating the terms thereof.

156.    Lenovo's warranty remedial and durational warranty limitations thus are unconscionable and fail of their essential purpose, and are unenforceable.

---

[42] *See* https://download.lenovo.com/pccbbs/thinkcentre_pdf/l505-0010-02_en_update.pdf.

157.    Plaintiffs have complied with the warranty terms. Plaintiffs have made a demand upon Lenovo to perform under the warranty terms, but Lenovo has failed to comply with those terms.

158.    As a direct and proximate result of the breach of express warranties, Plaintiffs have suffered damages, injury in fact, and ascertainable loss in an amount to be determined at trial, including repair and replacement costs and damages to other property.

### THIRD CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY
**(On Behalf of Nationwide Class or, alternatively, the State Classes)**

159.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

160.    Lenovo is in the business of manufacturing, designing, supplying, marketing, advertising, warranting, and selling the Class Devices. Lenovo impliedly warranted to Plaintiffs and the Class that the Class Devices were of a certain quality, free from defects, and fit for the ordinary purpose of a 2-in-1 tablet/laptop.

161.    But the Class Devices were unfit for ordinary use and were not of merchantable quality as warranted by Lenovo in violation of U.C.C. § 2-314 because the Devices have a Defect that (1) causes the hinge on the Class Devices to fail, move freely and ultimately crack Device screens and fray internal visual display wires, and (2) prohibits owners from actually transitioning Class Devices between tablet and laptop configurations.

162.    Before purchase, Plaintiffs and the Class could not have readily discovered that the Devices were not merchantable, were not of the same quality as those generally acceptable in the trade, and did not conform to the quality previously represented.

163.    Lenovo has failed to provide adequate remedies under their limited warranties, which have caused those warranties to fail of their essential purpose, thereby permitting remedies under these implied warranties.

164.    Lenovo has not sufficiently (meaning specifically and conspicuously) disclaimed the implied warranty of merchantability.

165.    The purported limitations in Lenovo's warranties, including limiting the exclusive remedy to a refund, repair, or replacement, as well as any durational limitations, are procedurally and substantively unconscionable and thus fail under U.C.C. § 2-302. Lenovo knew or should have known that the Devices are susceptible to premature failure, Lenovo had unequal bargaining power and misrepresented the Devices' reliability, and the limited remedies unreasonably favor Lenovo and fail Plaintiffs' (and the Class') reasonable expectations for product performance.

166.    Plaintiffs gave Lenovo actual or constructive notice of the breaches of these warranties, and Lenovo has failed to cure these breaches.

167.    As a direct and proximate result of the breaches of these implied warranties, Plaintiffs and the Class have suffered damages, injury in fact and ascertainable loss in an amount to be determined at trial, including repair and replacement costs and damages.

168.    Plaintiffs demand judgment against Lenovo for compensatory damages for themselves and each class member, for the establishment of a common fund, plus additional remedies as this Court deems fit.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL")
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*
### (By Plaintiff Ozminkowski on Behalf of the California Class)

169.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

170.    Plaintiff Ozminkowski brings this claim on behalf of the California Class against Lenovo.

171.    Plaintiff Ozminkowski and Lenovo are "persons" within the meaning of the UCL. Cal. Bus. & Prof. Code § 17201.

172.    The UCL defines unfair competition to include any "unlawful, unfair or fraudulent business act or practice," as well as any "unfair, deceptive, untrue or misleading advertising."  Cal. Bus. Prof. Code § 17200.

173.    In the course of conducting business, Lenovo engaged in unlawful business practices by violating Cal. Civ. Code § 1770 and Cal. Bus. & Prof. Code § 17500, as explained more fully below. Plaintiff Ozminkowski reserves the right to allege other violations of law, which constitute other unlawful business acts or practices.

174.    Lenovo knew that, at the time the Class Devices left Lenovo's control, at the time of sale, and thereafter, that the Class Devices were defective and were of low quality and durability. The Defect described herein rendered the Class Devices unable to perform the ordinary purposes for which they are used and caused the resulting damage described herein.

175.    In the course of conducting business, Lenovo also committed "unfair" and "deceptive" business practices by, among other things, representing that its Class Devices operate as advertised, when, in fact, they did not and were defective.

176.    These representations, Lenovo's corresponding omissions about the Defect, and Lenovo's other related actions and conduct were false, misleading, and likely to deceive the consuming public.

177.    Additionally, there were reasonably available alternatives to Lenovo's conduct, and Lenovo's false and deceptive advertising provided no societal benefit. Plaintiff Ozminkowski and

the members of the California Class paid large sums of money to Lenovo to receive Class Devices that were defective.

178.    Receiving money as a result of false and misleading advertising is contrary to public policy and is immoral, unethical, oppressive, unscrupulous and substantially injures consumers. And, as demonstrated by the many California laws prohibiting false and deceptive advertising, there is no justification or motive that outweighs the harm caused by Lenovo's false and deceptive advertising.

179.    Lenovo knew, or should have known, its material misrepresentations and omissions would be likely to deceive and harm the consuming public and result in consumers making payments to Lenovo to obtain Class Devices that were defective and of low quality and durability.

180.    Plaintiff Ozminkowski and the California Class lost money and suffered injury in fact by purchasing Lenovo's Class Devices, and Lenovo was unjustly enriched by receiving payments from Plaintiff Ozminkowski and the California Class in return for providing Plaintiff Ozminkowski and the California Class products that were not as advertised.

181.    Unless restrained and enjoined, Lenovo will continue to engage in the unlawful, unfair and fraudulent conduct described herein.

182.    Accordingly, Plaintiff Ozminkowski, individually and on behalf of all others similarly situated, and on behalf of the general public, seeks restitution from Lenovo of all money from Plaintiff Ozminkowski and the other members of the California Class obtained as a result of Lenovo's unfair competition, an injunction prohibiting Lenovo from continuing and further engaging in its unlawful, unfair and fraudulent conduct, corrective advertising, and all other relief the Court deems appropriate.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA CONSUMERS**
**LEGAL REMEDIES ACT ("CLRA")**
**Cal. Civ. Code §§ 1750, *et seq.***
**(By Plaintiff Ozminkowski on Behalf of the California Class)**

183.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

184.    Plaintiff Ozminkowski brings this claim on behalf of the California Class against Lenovo.

185.    The CLRA, Cal. Civ. Code §§ 1750, *et seq.*, was designed and enacted to protect consumers from unfair and deceptive business practices.  To this end, the CLRA sets forth a list of unfair and deceptive acts and practices in California Civil Code § 1770.

186.    Plaintiff Ozminkowski is a "consumer," Lenovo is a "person," and the Class Devices are "goods" within the meaning of the CLRA.  Cal. Civ. Code § 1761(a), (c) and (d).

187.    Lenovo's sale and advertisement of the Class Devices constitute "transactions" within the meaning of the CLRA.  Cal. Civ. Code § 1761(e).

188.    Plaintiff Ozminkowski has standing to pursue these claims because he has suffered injury in fact and a loss of money and/or property as a result of the wrongful conduct alleged herein.

189.    The CLRA declares as unlawful the following unfair methods of competition and unfair or deceptive acts or practices when undertaken by any person in a transaction intended to result, or which results in the sale of goods to any consumer:

(5)    Representing that goods…have…approval, characteristics,…uses [and] benefits…which [they do] not have…

(7)    Representing that goods…are of a particular standard, quality or grade…if they are of another.

(9)    Advertising goods…with intent not to sell them as advertised.

(16)    Representing that [goods] have been supplied in accordance with a previous representation when [they have] not. Cal. Civ. Code § 1770(a)(5), (7), (9) and (16).

190.    Lenovo violated the CLRA by representing that its Class Devices operated as represented, when they did not.

191.    Lenovo knew or should have known its representations about the Class Devices were false and misleading.

192.    Lenovo's violations of the CLRA proximately caused injury in fact to Plaintiff Ozminkowski and the California Class.

193.    Plaintiff Ozminkowski and the California Class members purchased Lenovo's Class Devices on the belief that the Class Devices were high quality and durable as advertised.

194.    Lenovo's Class Devices, however, are defective and of low quality and not durable.

195.    Pursuant to Cal. Civ. Code § 1782(d), Plaintiff Ozminkowski, individually and on behalf of the other members of the California Class, seek a Court order enjoining the above-described wrongful acts and practices of Lenovo and for restitution and disgorgement.

196.    In accordance with Cal. Civ. Code § 1780(a), Plaintiff Ozminkowski and the California Class members seek injunctive and equitable relief for Defendant's violations of the CLRA.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING LAW ("FAL")**
**Cal. Bus. & Prof. Code §§ 17500,** *et seq.*
**(By Plaintiff Ozminkowski on Behalf of the California Class)**

197.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

198.    Plaintiff Ozminkowski brings this claim on behalf of the California Class against Lenovo.

199.    The FAL, in relevant part, states that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

200.    Lenovo's material misrepresentations and omissions alleged herein violate Cal. Bus. & Prof. Code § 17500.

201.    Lenovo knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

202.    Pursuant to California Business & Professions Code §§ 17203 and 17500, Plaintiff Ozminkowski and the members of the California Class seek an order of this Court enjoining Lenovo from continuing to engage, use, or employ its practice of falsely and misleadingly labeling the Class Devices.

203.    The required intent is the intent to dispose of property, not the intent to mislead the public in the disposition of such property.

204.    Lenovo violated the FAL by representing that its Class Devices operated as advertised, when, in fact, they were defective and of low quality and durability.

205.    As a direct and proximate result of Lenovo's untrue and misleading advertising, Plaintiff Ozminkowski and the California Class members have suffered injury in fact and have lost money. Indeed, had Lenovo not engaged in its false advertising of the Class Devices, Plaintiff Ozminkowski and the California Class would not have purchased the Class Devices and/or paid less for them, and would not have to incur the costs of repair and/or replacement.

206.    Accordingly, Plaintiff Ozminkowski requests that the Court order Lenovo to restore the money Lenovo has received from Plaintiff Ozminkowski and the members of the California Class, and that the Court enjoin Lenovo from continuing its unlawful practices.

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF THE FLORIDA DECEPTIVE**
**AND UNFAIR TRADE PRACTICES ACT**
**Fla. Stat. § 501.201,** *et seq.*
**(By Plaintiff Lynton on Behalf of the Florida Class)**

207.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

208.    Plaintiff Lynton brings this claim on behalf of the Florida Class against Lenovo.

209.    The purpose of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is "to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.202 (2).

210.    The actions of Lenovo, as set forth above, occurred in the conduct of trade or commerce.

211.    In the course of Lenovo's business, it intentionally and knowingly misrepresented and omitted material facts regarding the Defect in the Class Devices with the intent to mislead Plaintiff Layton and the Florida Class, as described above. Accordingly, Lenovo engaged in unfair

and deceptive acts or practices. Indeed, Lenovo deceptively persuaded Plaintiff Layton and Florida Class members to purchase the Class Devices with promises that they are "crafted with a highly durable hinge that allows [consumers[ to transition seamlessly between a laptop, tent, stand, or tablet[,]" and have a "unique hinge …. [that] allows the screen to flip around 360 degrees[,]" while omitting the existence of the Defect.

212.    Lenovo should have disclosed this information because it was in a superior position to know the true facts related the Defect in the Class Devices, and Plaintiff Layton and the Florida Class could not reasonable be expected to learn or discover the true facts related to the Defect in the Class Devices.

213.    These acts and practices have deceived Plaintiff Layton and the Florida Class and are likely to, and did, deceive the public. In failing to disclose the Defect in the Class Devices, and suppressing material facts from Plaintiff Layton and the Florida Class, Lenovo breached its duties to disclose these facts, violated the FDUTPA, and caused injuries to Plaintiff Layton and the Florida Class.

214.    The omissions and acts of concealment by Lenovo pertained to information that was material to Plaintiff Layton and the Florida Class, as it would have been to all reasonable consumers. Had Plaintiff Layton and the Florida Class known about the Defect in the Class Devices, they would have not purchased the Class Devices or paid less for them. Indeed, the Class Devices with the Defect were and are worth less than the Class Devices without the Defect.

215.    The injuries suffered by Plaintiff Layton and the Florida Class are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiff Layton and the Florida Class should have reasonably avoided.

216.    Lenovo's conduct proximately caused injuries to Plaintiff Layton and the Florida Class.

217.    Plaintiff Layton and the Florida Class are entitled to recover legal and/or equitable relief including an order enjoining Lenovo's Frontier's unlawful conduct, actual damages in the amount of full monetary refunds, injunctive relief, costs, and reasonable attorneys' fees pursuant to F. STAT. § 501.2105, and any other just and appropriate relief.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT**
**Md. Comm. Code §§ 13-301, *et seq.***
**(By Plaintiff Singh on Behalf of the Maryland Class)**

218.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

219.    Plaintiff Singh brings this claim on behalf of the Maryland Class against Lenovo.

220.    Lenovo is a person as defined by Md. Comm. Code § 13-101(h).

221.    Lenovo's conduct as alleged herein related to "sales," "offers for sale," or "bailment" as defined by Md. Comm. Code § 13-101(i) and § 13-303.

222.    Maryland Class members are "consumers" as defined by Md. Comm. Code § 13-101(c).

223.    Lenovo advertises, offers, or sells "consumer goods or "consumer services" as defined by Md. Comm. Code § 13-101(d).

224.    Lenovo advertised, offered, or sold goods or services in Maryland and engaged in trade or commerce directly or indirectly affecting the people of Maryland.

225.    Lenovo engaged in unfair and deceptive trade practices, in violation of Md. Comm. Code § 13-301, including:

a.  False or misleading oral or written representations that have the capacity, tendency, or effect of deceiving or misleading consumers;

b.  Representing that consumer goods or services have a characteristic that they do not have;

c.  Representing that consumer goods or services are of a particular standard, quality, or grade that they are not;

d.  Failing to state a material fact where the failure deceives or tends to deceive;

e.  Advertising or offering consumer goods or services without intent to sell, lease, or rent them as advertised or offer; and

f.  Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of consumer goods or services of the subsequent performance with respect to an agreement, sale, lease, or rental.

226.    Lenovo engaged in these unfair and deceptive trade practices in connection with offering for sale or selling consumer goods or services or with respect to the extension of consumer credit, in violation of Md. Comm. Code § 13-303.

227.    Lenovo's representations and omissions were material because they were likely to deceive reasonable consumers.

228.    Lenovo intended to mislead Plaintiff Singh and the Maryland Class members and induce them to rely on its misrepresentations and omissions.

229.    Lenovo should have disclosed the Defect to Plaintiff Singh and the Class because they were in a superior position to know the true facts related to the Defect, and Plaintiffs and

Class members could not reasonably be expected to learn or discover the true facts related to this Defect.

230.    Lenovo, by the conduct, statements, and omissions described above, also knowingly and intentionally concealed from Plaintiffs and the Class members that Class Devices suffer from the Defect (and the costs, safety risks, and diminished value of the laptops as a result of this problem).

231.    These acts and practices have deceived Plaintiff and are likely to deceive the public. Lenovo, by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from Plaintiff and the Class members that the Class Devices suffer from the Defect (and the costs, safety risks, and diminished value of the laptops as a result of this problem), breached their duties to disclose these facts, violated the MCPA, and caused injuries to Plaintiff and the Class members.  The omissions and acts of concealment by Lenovo pertained to information that was material to Plaintiff and Class members, as it would have been to all reasonable consumers.

232.    The injuries suffered by Plaintiff and the Class members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiffs and the Class members should have reasonably avoided.

233.    Lenovo's conduct proximately caused injuries to Plaintiff and other Class members.  Had Plaintiff and the Class known about the defective nature of the Class Devices, they would not have purchased the Class Devices, would have paid less for them or would have avoided the extensive repair costs associated therewith.

234.    Plaintiff Singh and the Maryland Class members seek all monetary and non-monetary relief allowed by law, including damages, disgorgement, injunctive relief, and attorneys' fees and costs.

**NINTH CAUSE OF ACTION**
**VIOLATION OF THE MISSOURI MERCHANDISE PRACTICES ACT**
**Mo. Rev. Stat. §§ 407.010, *et seq*.**
**(By Plaintiff Cox on Behalf of the Missouri Class)**

235.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

236.    Plaintiff Cox brings this claim on behalf of the Missouri Class against Lenovo.

237.    Lenovo is a "person" as defined by Mo. Rev. Stat. § 407.010(5).

238.    Lenovo advertised, offered, or sold goods or services in Missouri and engaged in trade or commerce directly or indirectly affecting the people of Missouri, as defined by Mo. Rev. Stat. § 407.010(4), (6), and (7).

239.    Plaintiff Cox and the Missouri Class members purchased or leased goods or services primarily for personal, family, or household purposes.

240.    Lenovo engaged in unlawful, unfair, and deceptive acts and practices, in connection with the sale or advertisement of merchandise in trade or commerce, in violation of Mo. Rev. Stat. § 407.020(1), as described herein.

241.    Lenovo's representations and omissions were material because they were likely to deceive reasonable consumers.

242.    Lenovo intended to mislead Plaintiff Cox and the Missouri Class members and induce them to rely on its misrepresentations and omissions.

243.    Lenovo acted intentionally, knowingly, maliciously to violate Missouri's Merchandise Practices Act, and recklessly disregard Plaintiff Cox and the Missouri Class

members' rights. Lenovo's knowledge of the Defect in the Class Devices, along with the countless complaints made by consumers about the Defect, put Lenovo on notice that the Class Devices were not as it advertised.

244.    As a direct and proximate result of Lenovo's unlawful, unfair, and deceptive acts and practices, Plaintiff Cox and the Missouri Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Class Devices, and increased time and expense in dealing with the Defect.

245.    Plaintiff Cox and the Missouri Class members seek all monetary and non-monetary relief allowed by law, including actual damages, punitive damages, attorneys' fees and costs, injunctive relief, and any other appropriate relief.

**TENTH CAUSE OF ACTION**
**VIOLATION OF THE N.Y. GEN. BUS. LAW § 349**
**(DECEPTICE AND UNFAIR TRADE PRACTICES ACT)**
**(By Plaintiff Greenspan on behalf of the New York Class)**

246.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

247.    Plaintiff Greenspan brings this claim on behalf of the New York Class against Lenovo.

248.    Plaintiff Greenspan and the New York Class are "persons" within the meaning of New York General Business Law (New York GBL"), N.Y. Gen. Bus. Law § 349(h).

249.    Lenovo is a "person," "firm," "corporation," or "association" within the meaning of the N.Y. Gen. Bus. Law § 349.

250.    The New York GBL makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349. Lenovo's conduct directed

toward consumers, as described above and below, constitutes "deceptive acts or practices" within the meaning of the New York GBL.

251.    Lenovo's actions as set forth above occurred in the conduct of trade or commerce.

252.    In the course of its business, Lenovo failed to disclose and actively concealed the defective nature of the Class Devices and otherwise engaged in activities with a tendency or capacity to deceive.

253.    Lenovo also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of the Class Devices.

254.    Lenovo knew or should have known about the defective Class Devices and their failure to perform as advertised. Lenovo was made aware of the Defect in the Class Devices through consumer complaints, internal testing, and failure in previous Lenovo devices. Nevertheless, Lenovo failed to disclose the Defect to consumers.

255.    By failing to disclose and by actively concealing the defective nature of the Class Devices, by marketing them as being "crafted with a highly durable hinge that allows [consumers[ to transition seamlessly between a laptop, tent, stand, or tablet[,]" and having a "unique hinge …. [that] allows the screen to flip around 360 degrees[,]" and by presenting itself as a reputable manufacturer, Lenovo engaged in unfair and deceptive business practices in violation of the New York GBL. Lenovo engaged in unfair or deceptive business practices in violation of the New York GBL. Lenovo deliberately withheld the information about the propensity of the defective Class Devices in order to ensure that consumers would purchase the Class Devices.

256.    In the course of Lenovo's business, it willfully failed to disclose and actively concealed the serious defect discussed above. Lenovo compounded the deception by repeatedly asserting that the Class Devices were reliable and of high quality, and by placing the blame of the Class Devices' failure to live up to advertisements on consumers.

257.    Lenovo's unfair and deceptive acts or practices, including these concealments, omissions, and suppressions of material facts, had a tendency or capacity to mislead, tended to create a false impression in consumers, were likely to and did in fact deceive reasonable consumers, including Plaintiff Greenspan, about the performance and reliability of the Class Devices, the quality of the Class Devices, and the true value of the Class Devices.

258.    Lenovo intentionally and knowingly misrepresented material facts regarding the Class Devices with an intent to mislead Plaintiff Greenspan and the New York Class.

259.    Lenovo knew or should have known that its conduct violated the New York GBL.

260.    As alleged above, Lenovo made material statements about the quality and performance of the Class Devices that were either false or misleading.

261.    To protect their profits and avoid remediation costs and a public relations nightmare, Lenovo concealed the defects in the Class Devices, and allowed unsuspecting consumers to continue to purchase the Class Devices.

262.    Lenovo should have disclosed this information because it was in a superior position to know the true facts related to the defective Class Devices, and Plaintiff Greenspan and the New York Class could not reasonably be expected to learn or discover the true facts related to the defective Class Devices. Lenovo, by the conduct, statements, and omissions described above, also knowingly, intentionally, and/or willfully concealed from Plaintiff Greenspan and the New York Class that the Class Devices were defective.

263.    These acts and practices have deceived Plaintiff Greenspan, the New York Class, and the public. In failing to disclose the defective nature of the Class Devices and suppressing material facts from Plaintiff and the New York Class, Lenovo breached its duties to disclose these facts, violated NY GBL section 349, and caused injuries to Plaintiff Greenspan and the New York Class. Lenovo's omissions and acts of concealment pertained to information that was material to Plaintiff and the New York Class, as it would have been to all reasonable consumers.

264.    Lenovo's acts and omissions were likely to mislead a reasonable consumer into purchasing Defendant's products. Lenovo's deceptive acts are material because they concern an essential feature, and the primary selling point, of the Class Devices— their "unique hinge."

265.    The sale and distribution in New York of the Class Devices was a consumer-oriented act, and therefore actionable under the NY GBL.

266.    Plaintiff Greenspan and the New York Class relied on Lenovo's misrepresentations and omissions; had Plaintiff Greenspan and the New York Class known that the Class Devices were defective, they would not have purchased them or would have paid less for them. Lenovo's conduct thus proximately caused the injuries Plaintiff Greenspan and the New York Class have suffered and complain of herein.

267.    At all times, Lenovo's conduct in employing these unfair and deceptive trade practices was malicious, willful, wanton, and outrageous.

268.    Lenovo's actions impact the public interest because Plaintiff and the New York Class were injured in exactly the same way as thousands of others who purchased the Class Devices.

269.    Lenovo also has refused to act on grounds generally applicable to Plaintiff Greenspan and the New York Class, thereby making final injunctive relief appropriate.

270.    Lenovo persists in its deceptive and unfair marketing and sales practices regarding the Class Devices to the detriment of consumers across the country, including Plaintiff and the New York Class.

271.    If Lenovo is allowed to continue with these practices, consumers, including Plaintiff Greenspan and the New York Class, will be irreparably harmed. Plaintiff Greenspan and the New York Class do not have a plain, adequate, speedy, or complete remedy at law to address all of the wrongs alleged in this Complaint unless injunctive relief is granted to stop Lenovo's deceptive marketing and sale of the Class Devices.

272.    Plaintiff Greenspan and the New York Class thus are entitled to compensatory damages, treble damages, equitable and declaratory relief, punitive damages, costs and reasonable attorneys' fees, as well as injunctive relief requiring Lenovo to cease its unfair and deceptive practices relating to the sale of the Class Devices.

**ELEVENTH CAUSE OF ACTION**
**VIOLATION OF THE N.Y. GEN. BUS. LAW §§ 349 and 350**
**(DECEPTIVE AND UNFAIR TRADE PRACTICES/FALSE ADVERTISING)**
**(By Plaintiff Greenspan on behalf of the New York Class)**

273.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

274.    Plaintiff Greenspan brings this claim on behalf of the New York Class against Lenovo.

275.    Plaintiff Greenspan bring this cause of action on behalf of himself and on behalf of the members of the New York Class.

276.    Plaintiff Greenspan brings this claim for damages under NY GBL §§ 349 and 350.

277.    Lenovo engaged in consumer-oriented commercial conduct by selling and advertising the Class Devices to Plaintiff Greenspan and the New York Class.

278.    Lenovo misrepresented and omitted material facts regarding the Class Devices, their failure to perform as advertised and their inability to function as with "a highly durable hinge that allows [consumers[ to transition seamlessly between a laptop, tent, stand, or tablet[,]" and "[that] allows the screen to flip around 360 degrees[.]"

279.    Lenovo's misrepresentations, omissions, and concealment of material facts constitute unconscionable commercial practices, deception, fraud, false advertising, misrepresentation, and/or the knowing concealment, suppression, or omission in connection with the sale and advertisement of the Class Devices, in violation of NY GBL § 349.

280.    Lenovo knowingly misrepresented the Class Devices as fit to be used for the purpose for which they were intended, when, in fact, Lenovo knew the Class Devices were defective and not what was advertised. Indeed, Lenovo misrepresented the Class Devices as functional and suited for their intended purpose when, in fact, they were not.

281.    Lenovo engaged in the deceptive acts and practices alleged herein in order to sell the Class Devices to Plaintiff Greenspan and the New York Class.

282.    Lenovo's practices, acts, policies, and course of conduct, including its omissions and subsequent failure to inform the public about the Defect, as described above, were intended to induce, and did induce, Plaintiff Greenspan to purchase one of the Class Devices.

283.    These omissions were materially misleading, as Plaintiff Greenspan and the New York Class would not have purchased the Class Devices and/or paid less for them had they known about the Defect.

284.    Lenovo sold the Class Devices knowingly concealing the fact that they contained the Defect alleged herein.

285.    Lenovo's conduct proximately caused injuries to Plaintiff Greenspan and other New York Class members. Had Plaintiff Greenspan and the New York Class known about the defective nature of the Class Devices, they would not have purchased the Class Devices, would have paid less for them or would have avoided the extensive repair and/or replacement associated therewith.

286.    Thus, Plaintiff Greenspan and the New York Class are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs and reasonable attorneys' fees.

**TWELFTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(On Behalf of the Nationwide Class or, alternatively, the State Classes)**

287.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

288.    Plaintiffs bring this cause of action on behalf of themselves and a class of similarly situated persons against Lenovo.

289.    Plaintiff and the Class conferred a benefit on Lenovo by purchasing the Class Devices.

290.    Lenovo had knowledge that this benefit was conferred upon it.

291.    Lenovo has been unjustly enriched at the expense of Plaintiffs and the Class, and its retention of this benefit under the circumstances would be inequitable.

292.    Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Lenovo for damages and declaratory relief.

## THIRTEENTH CAUSE OF ACTION
## FRAUDULENT OMISSION OR CONCEALMENT
### (On Behalf of Nationwide Class or, alternatively, the State Classes)

293.    Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

294.    Plaintiffs bring this cause of action on behalf of themselves and a class of similarly situated persons against Lenovo.

295.    At all relevant times, Lenovo was engaged in the business of designing, manufacturing, distributing, and selling the Class Devices.

296.    Lenovo, acting through its representatives or agents, delivered Class Devices to its distributors and various other distribution channels.

297.    Lenovo willfully, falsely, and knowingly omitted various material facts regarding the quality and character of the Class Devices.

298.    Rather than disclose the Defect to Plaintiffs and other prospective purchasers of Class Devices, Lenovo concealed the Defect.

299.    Lenovo omitted and concealed this material information to drive up sales and maintain its market power, as consumers would not purchase Class Devices, or would pay substantially less for them, had they known the truth.

300.    Plaintiffs and Class members could not have discovered the Defect prior to it manifesting in their Class Devices.

301.    Lenovo was in exclusive possession of information concerning the Defect's existence, which would have been material to reasonable consumers, and thus was obligated to disclose the Defect to Plaintiffs and Class members, at the point of sale or otherwise.

302.    Although Lenovo had a duty to disclose the Defect to consumers, it failed to do so.

303.    Plaintiffs and Class members sustained injury at the time they purchased Class Devices that suffer from the Defect, which Defendant failed to disclose and actively concealed from them. Had Plaintiffs and the Class known about the Defect at the time of purchase, they would have paid substantially less for their Class Devices, or would not have purchased them and avoided the significant out-of-pocket costs they have or will incur to repair or replace Class Devices once the Defect manifests.

304.    Lenovo's acts were done maliciously, oppressively, deliberately, and with intent to defraud, and in reckless disregard of Plaintiffs and Class members' rights and well-being, and in part to enrich itself at the expense of consumers. Lenovo's acts were done to gain commercial advantage over competitors, and to drive consumers away from consideration of competitor devices. Lenovo's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class, respectfully requests that this Court:

A.  determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

B.  appoint Plaintiffs as the representatives of the Class and their counsel as Class counsel;

C.  award all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiffs and the Class members are entitled;

D.  award pre-judgment and post-judgment interest on such monetary relief;

E.  grant appropriate injunctive and/or declaratory relief, including, without limitation, an

order that requires Lenovo to repair, recall, and/or replace the Class Devices;

F.  award reasonable attorneys' fees and costs; and

G.  grant such further relief that this Court deems appropriate.


Dated:  February 12, 2021

*/s/ James P. Ulwick*
James P. Ulwick (Fed. Bar No. 00536)
**KRAMON & GRAHAM, P.A.**
One South Street, Suite 2600
Baltimore, Maryland 21202
(410) 752-6030
(410) 539-1269 (facsimile)
julwick@kg-law.com

Daniel O. Herrera
Christopher P.T. Tourek
**CAFFERTY CLOBES MERIWETHER**
   **& SPRENGEL LLP**
150 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312)782-4880
(312)782-7785 (facsimile)
dherrera@caffertyclobes.com
ctourek@caffertyclobes.com

Matthew D. Schelkopf
Joseph G. Sauder
Joseph B. Kenney
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, Pennsylvania 19312
(888)-711-9975
(610) 421-1326 (facsimile)
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

***Counsel for Plaintiffs and the Class***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of February, 2021, a copy of the foregoing

First Amended Class Action Complaint was served via CM/ECF on all counsel of record.

<u>  /s/ James P. Ulwick                </u>
James P. Ulwick